UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually<br><br>Plaintiffs,<br><br>-vs-<br><br>THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees), ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions.<br><br>Defendants | CIVIL ACTION<br><br>Civ. No.<br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs, Joan Mullin as Administratrix of the Estate of Robert Mullin, and Joan Mullin, Individually, by way of complaint against defendants The State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, Administrator Karen Balicki, Central Reception & Assignment Facility (C.R.A.F.), Director Robert Paterson, Director Marie Dunlap-Pryce, Jane Byrd, L.P.N., Erin

Marusky, R.N., Trenton Psychiatric Hospital, Kintock Group, Mercer County, John Does 1-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees), and ABC Entities 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, set forth the following:

## PARTIES

1. At all relevant times herein plaintiffs **JOAN MULLIN, Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR.**, and **JOAN MULLIN, individually,** were and are domiciliaries and residents of the County of Mercer and State of New Jersey.

2. At all relevant times herein defendant **THE STATE OF NEW JERSEY** was and is a public entity organized and existing pursuant to the laws of the State of New Jersey and the United States of America with a place of business at Tort and Contract Unit, Bureau of Risk Management, 25 West Market Street, 1st Floor, Trenton, NJ 08625.

3. At all relevant times herein defendant **THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY ("DOC")** was and is a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of correctional facilities in the State of New Jersey with a place of business at Whittlesey Road, P.O. Box 863, Trenton, NJ 0825.

4. At all relevant times herein defendant **SOUTH WOODS STATE PRISON** was and is a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the

operation and management of a certain correctional facility, with a place of business at 215 South Burlington Road, Bridgeton, NJ 08302.

5. At all relevant times herein defendant **ADMINISTRATOR KAREN BALICKI** was, upon information and belief a chief supervisory official and executive of the **SOUTH WOODS STATE PRISON** acting in her official capacity under color of law.

6. At all relevant times herein defendant **CENTRAL RECEPTION & ASSIGNMENT FACILITY ("CRAF")** was and is a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at Stuyvesant Avenue, Trenton, NJ 08628-7450.

7. At all relevant times herein defendant Director **ROBERT PATTERSON** was, upon information and belief, the chief supervisory official and executive of the DOC acting in his official capacity under color of law.

8. At all relevant times herein **MARIE DUNLAP-PRYCE** was, upon information and belief a chief supervisory official and executive of the **CRAF**. acting in her official capacity under color of law.

9. At all relevant times herein defendant **JANE BYRD, LPN**, was, upon information and belief a health care provider and employee, agent or servant of defendants **STATE OF NEW JERSEY, DOC, SOUTH WOODS STATE PRISON,** and/or **CRAF**, engaged in the rendering of health care services including inmate evaluations.

10. At all relevant times herein defendant **ERIN MARUSKY, R.N.**, was, upon information and belief a health care provider and employee, agent or servant of defendants **STATE OF NEW JERSEY, DOC, SOUTH WOODS STATE PRISON**, and/or **CRAF**, engaged in the rendering of health care services including inmate evaluations.

11. At all relevant times herein defendant **TRENTON PSYCHIATRIC HOSPITAL** was and is, upon information and belief a corporation or entity organized and existing for the purposes of providing medical care and treatment to members of the public and others, with a place of business at 101 Sullivan Way, Ewing, NJ 08618.

12. At all relevant times herein defendant the **KINTOCK GROUP** was and is, upon information and belief, a private company authorized to do business in the State of New Jersey, engaged in the business of providing therapeutic and other services to those persons transitioning back from incarceration into the community, known as "halfway houses" or "work houses," with a place of business at 4 South Industrial Boulevard, Bridgeton, NJ 08302.

13. At all relevant times herein **MERCER COUNTY** was and is a public entity organized and existing under the laws of the State of New Jersey, engaged in the operation and management of correctional facilities, with a place of business at 640 South Broad Street, P.O. Box 8068, Trenton, NJ 08650.

14. At all relevant times herein defendants **JOHN DOES 1-10** and **ABC ENTITIES 1-10** were and are as yet unidentified employees, agents, servants, contractors, supervisors, officials and/or public entities, agencies and subdivisions

responsible of the operation, management and control over certain correctional facilities and custodial facilities.

## NATURE OF ACTION & FACTUAL BACKGROUND

15. Plaintiff's decedent and son, the 29 year old **ROBERT MULLIN, JR**, had been incarcerated and under the custodial care of defendants **THE STATE OF NEW JERSEY, THE DOC, SOUTH WOODS STATE PRISON, CRAF** and **MERCER COUNTY** (hereinafter the **"PUBLIC ENTITY"** defendants) for approximately six (6) to eight (8) years, through and including his date of death on January 17, 2009.

16. In or about May 2008 he was transferred to a halfway house, or "work" house under the operation and management of defendant **THE KINTOCK GROUP** (hereinafter **"KINTOCK"**), under the auspices of and by contract and agreement with the **PUBLIC ENTITY** defendants.

17. Plaintiff's decedent was scheduled to be released from **KINTOCK** sometime between April and June of 2009, after completing a course of therapy, work studies and services designed to allow an inmate to be rehabilitated and return to society and to his family.

18. On or about January 15, 2009, while at **KINTOCK** plaintiff's decedent exhibited deterioration in mental and psychological status, and became emotionally labile with aggressive behavior.

19. Thereafter plaintiff's decedent was transferred back to the custodial care of the **PUBIC ENTITY** defendants, at either **SOUTH WOODS STATE PRISON** or **CRAF**, under the supervision, management and control of the **STATE OF NEW**

5

JERSEY, the **DOC**, **MERCER COUNTY**, and supervisory officials **ADMINISTRATOR KAREN BALICKI**, **DIRECTOR ROBERT PATTERSON** and **DIRECTOR MARIE DUNLAP-PRYCE** (hereinafter the "**SUPERVISOR DEFENDANTS**"), **JOHN DOES 1-10** and **ABC ENTITIES 1-10**.

20.  Upon information and belief, at some point between January 15, 2009 and January 17, 2009, plaintiff also came under the care of and was treated by health care providers at defendant **TRENTON PSYCHIATRIC HOSPITAL** through its agents, servants and employees.

21.  Upon information and belief, at some point and time between January 15, 2009 and January 17, 2009 plaintiff's decedent was released to a single cell or area without adequate one on one and constant supervision and observation.

22.  On January 17, 2009 at approximately 4:23am plaintiff's decedent was found dead after hanging himself with what the limited records in plaintiff's possession indicate was a self-made noose made of a bed sheet.

23.  During all relevant times between January 15, 2009 and the time and date of death on January 17, 2009 plaintiff was under the custodial care of the **PUBLIC ENTITY DEFENDANTS** and **SUPERVISOR DEFENDANTS** as well as the defendant **TRENTON PSYCHIATRIC HOSPITAL**.

24.  The death certificate states the place of death as **TRENTON PSYCHIATRIC HOSPITAL**; the records from the **DOC** indicate plaintiff's location at death was in either **SOUTHWOODS STATE PRISON** or **CRAF**.

25.  On January 16, 2009, defendants **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N.**, acting under color of law in their official capacities as employees,

agents and servants of the **PUBLIC ENTITY** and **SUPERVISOR DEFENDANTS** and/or as individual medical providers contracted to work in the facilities of the **PUBLIC ENTITY DEFENDANTS** and **SUPERVISOR DEFENDANTS** undertook to examine and evaluate plaintiff's decedent.

26. Despite a known history of suicide attempts, anxiety, depression and psychiatric instability, defendants **JANE BYRD, L.P.** and **ERIN MARUSKY, R.N.** determined that plaintiff's decedent was medically cleared to be released into the general population at the **CRAF** and/or **SOUTHWOODS** facility under the supervision, management and control of the **PUBLIC ENTITY DEFENDANTS** and/or to **TRENTON PSYCHIATRIC HOSPITAL.**

27. Plaintiff's decedent had a known and documented history of suicide attempts and psychiatric disturbance dating from 2005, with records evidencing such knowledge on the part of the **PUBLIC ENTITY DEFENDANTS**, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P., ERIN MARUSKY, R.N, TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK** from 2005, 2007, 2008 and 2009 up to and including his final evaluation prior to his death.

28. Plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR., and JOAN MULLIN, individually,** institute this action for compensatory and punitive damages arising out of the unlawful actions and conduct of the **PUBLIC ENTITY DEFENDANTS,** the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.,ERIN MARUSKY, R.N, TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK, JOHN DOES 1-10** and **ABC ENTITIES 1-10** in violating the civil rights of plaintiff's decedent protected by and

7

secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1985 (2) *et. seq.*

29. At all relevant times herein, the **PUBLIC ENTITY DEFENDANTS**, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.** and **ERIN MARUSKY, R.N, TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK, JOHN DOES 1-10** and **ABC ENTITIES 1-10** were acting under color of state law and within the scope of their authority as agents, servants and employees of said defendants.

30. Plaintiffs also institute this action pursuant to the laws of the State of New Jersey for damages arising by reason of wrongful death, pain and suffering, hedonistic damages, negligence, infliction of mental distress, the failure to properly hire, train and supervise staff, employees, agents and servants, abuse of authority, failure to provide adequate medical care and treatment, malpractice and negligence.

31. Plaintiffs were permitted to file a late Notice of Claim by Order of the Hon. Sue Regan dated February 10, 2010, which were served accordingly pursuant to New Jersey Statutes Title 59:8-4 and signed by plaintiff's representative, Shelley L. Stangler, Esq. upon the **PUBLIC ENTITY DEFENDANTS, SUPERVISOR DEFENDANTS, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK, JOHN DOES 1-10** and **ABC ENTITIES 1-10**.

32. More than six (6) months have elapsed since service of plaintiff's Notices of Claims and the claims remain unresolved.

33. This action is commenced within two (2) years from the date of the death, January 17, 2009.

## FIRST COUNT

34. Plaintiffs repeat each and every allegation contained in paragraphs one (1) through thirty-three (33) as if set forth fully herein at length.

35. At all relevant times herein, the **PUBLIC ENTITY DEFENDANTS,** the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.** and **ERIN MARUSKY, R.N, TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK, JOHN DOES 1-10** and **ABC ENTITIES 1-10,** through their agents, servants and employees were acting under color of law under the state and federal Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, usages and practices of the subject governmental departments, agencies and entities and within the scope of their authority as employees and/or officers of the **PUBLIC ENTITY** defendants.

36. During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit the unlawful violation of civil rights upon plaintiff's decedent **ROBERT MULLIN** (hereinafter "**MULLIN**") as well as to fail to provide proper medical care to **MULLIN.**

37. In particular, defendants agreed and conspired not to provide sufficient and adequate medical care to **MULLIN,** not to provide sufficient and adequate supervision, to violate protocols and policies designed to stop and avoid suicide by those persons, such as plaintiff's decedent, under the control and custody of the defendants, to fail to monitor and supervise **MULLIN**, to fail to intervene or protect **MULLIN** from

danger and imminent physical harm, and to allow **MULLIN** to have the ability to commit suicide.

38. During all relevant times herein the **PUBLIC ENTITY DEFENDANTS**, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.** and **ERIN MARUSKY, R.N, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK, JOHN DOES 1-10** and **ABC ENTITIES 1-10**, by and through their agents, servants, and employees acted with deliberate and conscious indifference to **MULLIN'S** constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the defendants, in permitting and allowing **MULLIN** to be unsupervised, alone, and with the wherewithal to do harm to himself, in failing to provide medical attention, in failing to enact, implement, promulgate and enforce policies, procedures and standards with respect to suicide watch and avoidance, inadequate recordkeeping, in failing to intervene, in exposing plaintiff's decedent to imminent bodily harm, which was foreseeable under the circumstances, in allowing unsafe conditions to exist in the defendant correctional facilities, infirmaries and hospital, in failing to properly hire, train and supervise their employees in the proper conduct of their duties, among other acts and ommissions.

39. At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees were acting within the scope of their employment and duties at the time of the subject events.

40. At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees, by reason of their acts, omissions, deliberate and conscious indifference to the rights of **MULLIN**, and by a pattern of abuse

and violation of procedure and protocol, and failure to provide medical treatment inclusive of mental health services, and by their failure to provide **MULLIN** with a safe environment and by putting him in a position to harm himself, deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to the plaintiffs pursuant to Title 42 Sections 1983 and 1985 of the United States Code and the New Jersey Civil Rights Statute Title 10 and under state common law.

41. The defendants, their agents, servants and employees allowed, condoned and permitted the circumstances under which suicide and harm could occur, and with deliberate indifference failed to prevent it, failed to intervene, failed to provide proper medical care and services, and subjected **MULLIN** to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

42. The defendants, their agents, servants and employees deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States including violation of his Fourteenth Amendment rights of due process, equal protection, his First Amendment rights, his Fourth Amendment rights and his rights of privacy, as well as his Fifth and Sixth Amendment rights.

43. At all relevant times herein the aforedescribed acts were committed under color of law within the authority of the agents, servants and employees of the defendants.

44. The defendants, individually and collectively acted pursuant to official policy and/or custom and to deprive plaintiff's decedent of his constitutional rights under 42 U.S. Code sections 1983 and 1985.

45. By reason of the foregoing, defendants violated the civil rights of plaintiff's decedent.

46. By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

47. The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

48. As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

49. As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

50. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

51. By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

52. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

53. **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN**

**individually,** demands judgment against defendants, **THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SECOND COUNT

54. Plaintiffs repeat and reallege each and every allegation contained in paragraph one (1) through fifty-three (53) of the complaint as if set forth fully herein at length.

55. Defendants, individually and collectively, through their agents, servants and employees acted pursuant to official policy and/or custom to deprive plaintiff's decedent of his constitutional rights under Title 10 of the New Jersey statutes, known as the New Jersey Civil Rights Act.

56. By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

57. The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

58. As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

59. As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

60. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

61. By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

62. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

63. **WHEREFORE**, plaintiffs **JOAN MULLIN , as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,  and JOAN MULLIN individually,** demands judgment against defendants, **THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE   STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.),  DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10 and ABC ENTITIES**