## State of New Jersey

| | | |
|---|---|---|
| CHRIS CHRISTIE<br>*Governor*<br><br>KIM GUADAGNO<br>*Lt. Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO BOX 112<br>TRENTON, NJ 08625-0112 | JEFFREY S. CHIESA<br>*Attorney General*<br><br>CHRISTOPHER S. PORRINO<br>*Director* |

April 5, 2012

Honorable Mary L. Cooper, U.S.D.J.
U.S. District Court for the
District of New Jersey
402 East State Street
Trenton, NJ 08608

   Re: Joan Mullin, Administratrix of the
      Estate of Robert Mullin, Deceased
      and Joan Mullin, individually v.
      State of New Jersey, et al.
      Civil Action #11-0247

Dear Judge Cooper:

  On behalf of defendants, Karen Balicki, Robert Paterson, and Marie Dunlap-Pryce please accept this letter in lieu of a more formal submission in opposition to plaintiff's "Notice of Motion to File a Late Notice of Tort Claim."

### **RELEVANT FACTS & PROCEDURAL HISTORY**

  Plaintiff's claims in this matter all arise out of the January 17, 2009, death of Robert Mullin, Jr. [Document 1 ¶ 15].  On January 10, 2010, plaintiff moved for, and was eventually granted, permission to filed a late notice of claim against certain public



April 5, 2012<br>Page 2

entities. [Document 69, Exhibit "C"]. Plaintiff did not file, and did not seek to file, a late notice of claim against any individual public employee. Id.

On March 12, 2012, plaintiff filed the instant motion seeking leave to file a late notice of tort claim against the entity University of Medicine and Dentistry of New Jersey (UMDNJ) and against the following individuals: Jayne Byrd, LPN; Karen Balicki; Robert Patterson; and, Marie Dunlap-Pryce. Plaintiff's motion is out of time and should be denied.

## **ARGUMENT**

Plaintiff's instant motion to file a late notice of claim is filed three years and two months after the accrual of the cause of action. Accordingly, plaintiff is beyond the one year jurisdictional limitation set for courts to have the ability to grant permission to file a late notice of claim. Accordingly, because plaintiff's motion is out of time, it must be denied.

The New Jersey Tort Claims Act, at N.J.S.A. 59:1-2 provides as follows:

> . . . [I]t is hereby declared to be the public policy of this State that public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein.

April 5, 2012
Page 3

One of the principles established by the Tort Claims Act, the requirement that a public entity receive notice that a party is planning to make a claim against it, is set forth in N.J.S.A. 59:8-3:

> No action shall be brought against a public entity or public employee under this Act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter.

The substantive portions of the Tort Claims Act which apply to plaintiff are N.J.S.A. 59:8-8 and 59:8-9. N.J.S.A. 59:8-8 provides as follows:

> A claim relating to a cause of action . . . for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. . . The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9. . .

N.J.S.A. 59:8-9 provides, in pertinent part:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing

> sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter. . .

Plaintiff did not filed a notice of tort claim against any individual or against the entity UMDNJ.  More than one year has passed since the accrual of plaintiff's tort claims.  Accordingly, plaintiff's tort claims against those public entities and public employees who received no notice are now forever barred pursuant to N.J.S.A. 59:8-8.  Furthermore, after the one year period provided by N.J.S.A. 59:8-9 has elapsed, the court lacks jurisdiction to relieve the claimant from her failure to have filed a timely notice of claim.  Iaconianni v.N.J. Turnpike Auth., 236 N.J. Super. 294-298 (App. Div. 1989), cert. den. 121 N.J. 592 (1990).  Pursuant to Title 59, as a matter of jurisdiction, this court plaintiff cannot grant plaintiff leave to file a late notice of tort claim.  Plaintiff's motion should be denied.

## CONCLUSION

In addition to the reasons set forth above, defendants, Karen Balicki, Robert Paterson, and Marie Dunlap-Pryce join in co-defendant, nurse Jane Byrd's opposition to plaintiff's motion.  Moreover, to the extent the court chooses to hear co-defendants cross-motion to dismiss, then defendants, Karen Balicki, Robert

```
                                                   April 5, 2012
                                                   Page 5
```

Paterson, and Marie Dunlap-Pryce also renew their motion to dismiss set forth at document number 51.

```
                              Respectfully submitted,

                              JEFFREY S. CHIESA
                              ATTORNEY GENERAL OF NEW JERSEY


                         By:  s/ Joseph M. Micheletti
                              Joseph M. Micheletti
                              Deputy Attorney General
```

c:   Shelley Lynn Stangler, Esquire
     155 Morris Avenue
     Springfield, NJ  07081-1224

     David C. Donohue, Esquire
     Farkas & Donohue, LLC
     389 Passaic Avenue
     Fairfield, NJ  07004

     Kevin Albert Terhune, Deputy Attorney General
     New Jersey Division of Law
     R. J. Hughes Justice Complex
     25 Market Street
     P.O. Box 112
     Trenton, NJ  08625-0112

     John Joseph Welch, Esquire
     2329 State Highway 34
     Suite 103
     Manasquan, NJ  087360-1442