# The Law Offices Of
# SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
ATTORNEY AT LAW

MEMBER N.J. BAR & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

April 30, 2012

**RETURN DATE: MAY 7, 2012**

**By electronic mailing**
The Hon. Lois Goodman
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    **Estate of Robert Mullin v. Administrator Karen Balicki, et al.
Civil Action No.: 11-0247 (MCL/LHG)**

Please accept this letter brief in Reply to the opposition filed in response to plaintiff's motion to file a late notice of claim against UMDNJ and defendant Jane Byrd, LPN ("Byrd").

As a preliminary matter, defendant's Cross-Motion to dismiss the complaint against Byrd based on the immunity provisions of N.J.S.A. Title 59 at 59:6-6 is not before the Court. In accordance with the Order of Judge Mary Cooper, Docket Entry # 77, any motion to dismiss must await determination of the motion to file a late notice of claim.[1]

---

[1] Plaintiff therefore does not brief the issue of entitlement to immunity argued in the cross-motion to dismiss except to note that any immunities under Title 59 would not apply to the violations of constitutional rights brought under the United States and New Jersey State Constitutions, nor would the provision cited

SHELLEY L. STANGLER, P.C.

The essence of the opposition is that:

(1) designation of the public employee, here Byrd, was required in the notices of claim previously permitted and filed; and

(2) despite obtaining whatever records were available and filing notices of claims against every public entity which could possibly be ascertained from the records and knowledge of the parties involved, that plaintiff shows a lack of due diligence in failing to conclude or "investigate" the possibility of some other unknown entity bearing responsibility as the unidentified employer of defendant Byrd.

In their opposition, defendant makes the following completely unsupported and inaccurate statements:

1. "If the public employee is not named, suit cannot proceed against her since the prerequisite to suit is missing," citing N.J.S.A. 59:8-3, which is the broad statutory overview that no action shall be brought unless the claim is properly presented (p. 15 defense brief);

2. "Without a timely and sufficient Notice of Claim naming Nurse Byrd filed within, at the outset, a year of accrual of plaintiff's claim, this Court respectfully lacks jurisdiction to allow plaintiff's Complaint to proceed against Nurse Byrd," ignoring that a notice of claim is not required for the constitutional claims and ignoring the law applicable specifically to medical negligence cases where the true employer of a medical provider may be hidden, unclear or unknown despite filing claims and suits against the known parties after a passage of time outside of the statutory one (1) period. (p. 17 defense brief). Lowe v. Zarghami, 30 N.J. Super. 90 (App. Div. 1997), rev'd, 158 N.J. 606 (1999); Eagen v. Boyarsky, 158 N.J. 632 (1999).

Defendant cites and discusses the general law requiring filing of a notice of claim

---

by the defense, N.J.S.A. 59:6-6, apply to immunize Byrd from claims of negligent supervision, monitoring, and the failure to treat as ministerial acts; further that the subject provision does not apply as no decisions were made regarding confinement for mental illness or "terms and conditions of confinement for mental illness," and further, without discovery from Trenton Psychiatric Hospital and Kintock, who have not responded to plaintiff's subpoenas or requests for documents, it is unknown what defendant Byrd knew or did not know in terms of decedent's history, why he was transferred to C.R.A.F. from Trenton Psychiatric and Kintock, what his diagnosis was or his need for prescribed treatment. These points are the subject of further briefing in accordance with Judge Cooper's order.

2

SHELLEY L. STANGLER, P.C.

within 90 days and moving to file a late notice of claim up to a year thereafter without any context, citing Beauchamp v. Amedio, 164 N.J. 111 (2000) and Blank v City of Elizabeth, 162 N.J. 150 (1999), to which plaintiff has no dispute.

In the context of this case, the one (1) year period within which to file a late notice of claim is tolled until such time as plaintiff had knowledge of the employment status of the defendant. Lowe, Supra., Eagen, Supra.

**A.   The issue before the Court is whether a late notice of claim should be permitted naming Byrd individually and her employer, UMDNJ, and not whether Byrd should have been identified in any notices of claims previously filed; although such identification was not in fact required.**

Plaintiff does rely on Velez v. City of Jersey City, 180 N.J. 284 (App. Div. 2004) which is directly on point in holding that a public employee does not need to be individually named in a notice of claim and specifically rejected the argument that the notice requirements mandate written notice on the public employee. Velez was decided long after the enactment of Title 59, including section 59:8-4 (e), upon which defendant relies. It has not been overruled or questioned and remains published precedent on this issue. To the extent that a federal court in the unpublished decision cited by defendants, Galliano v. Borough of Seaside Heights, 2007 WL 979850 (D.N.J. 2007), suggests otherwise, it is not in accordance with state law which controls this issue. Defendant's suggested interpretation of Velez as simply stating that a notice of claim must be filed against the public entity within 90 days is not in accordance with a reading of the case, and the specific holding is highlighted in plaintiff's brief.

Further, plaintiff did not know the identity of defendant Byrd at the time the motion was filed requesting permission to serve a late notice of claim, which is why the identities of the public employees responsible for the "failure to provide medical

3

SHELLEY L. STANGLER, P.C.

attention" were listed as "unknown at present" (Stangler Certification, Exhibit "C," the notice of claim).[2]

N.J.S.A. 59:8-4, cited by defendants, states that the claim shall include the name of public entity, employee or employees…if known [emphasis supplied]. Accordingly, and in addition to the holding in Velez, Supra., plaintiff could not have noted the name of defendant Byrd on the notices of claims.

Regardless of whether Byrd was or was not identified in the prior notices of claims, plaintiff now seeks to file a late notice of claim against both Byrd and the employer whose identity she was not aware of until December 13, 2011. This motion to serve a late notice of claim was filed within 90 days of receipt of that information, upon notifying the Court requesting permission to file the motion. The only relevant inquiry, therefore, is whether the application is timely made under the statute, whether any prejudice would accrue in granting it, and whether plaintiff conducted herself with due diligence in determining the potential employer of defendant Byrd.

**B.     This application is timely made, plaintiff was diligent and there is no prejudice.**

Defendant's attempt to distinguish Lowe, Supra., allowing the filing of a notice of claim after a year in a medical negligence case where the employer's identity was not easily discoverable or known is a false distinction. The fact that Lowe involved an initial pursuit of a private employer who later revealed the existence of a public entity employer does not change the analysis just because the assumed and known employer was a public entity who later revealed the existence of another public entity.

---

[2] In reviewing the papers and preparing the Reply, counsel noted that the Certification failed to address when notice was received regarding the identity of Nurse Byrd. The brief does state that at the time the motion permitting a late notice of claim was filed, plaintiff was unaware of the identity of Nurse Byrd (plaintiff brief at pps. 2, 3, 9). Therefore plaintiff submits a supplemental certification with this Reply as to that issue.

4

SHELLEY L. STANGLER, P.C.

The defense rails against plaintiff for allowing three (3) years to elapse since the accrual of plaintiff's claim before identifying Nurse Byrd. Yet defendants failed to notify plaintiff counsel of the true identity of Byrd's employer after having been served with the complaint on February 4, 2011 (Stangler Supplemental Certification, Exhibit "A").

Counsel sought leave to file the late notice of claim in State Court in January 2010, and did so without the benefit of records (Stangler Certification, Exhibit "F," Stangler Supplemental Certification). The notices of claims did recite that plaintiff was seeking relief for the failure to provide medical attention (Stangler Certification, Exhibit "C"). Although defendant states in her brief that "there never was any indication that an action would be brought against Nurse Byrd specifically among the many public employee medical providers who interacted with the decedent," [emphasis supplied], a review of the medical records yields only three (3) providers potentially involved in the treatment, care, supervision and monitoring of decedent: Nurse Marusky, Nurse Byrd, and Nurse Teel. The defendants, in possession of the records and with knowledge of the employment relationships with the nurses, are the ones who had a duty to reveal the existence of UMDNJ as an employer.

Defendant suggests that plaintiff should have been able to determine that Byrd was employed by UMDNJ, even though the records indicated employment with either C.R.A.F., Southwoods State Prison or the State of New Jersey, that plaintiff failed to perform "the necessary investigation to determine Nurse Byrd's status," and that plaintiff cannot "maintain that Nurse Byrd's status as a public employee was obscured or indiscernible."

Plaintiff did indeed know that Byrd was a public employee and reasonably and rationally believed all bases were covered by filing with every single entity known to have been involved with decedent's care, treatment and incarceration. Full scale discovery with depositions and subpoenas are not required to meet the "due diligence" standard. The due diligence standard is one of reasonableness, as where the identity of

5

SHELLEY L. STANGLER, P.C.

the public entity was not apparent or immediately discoverable by the plaintiff. Lowe, Supra., Egan, Supra., Ventola v. NJ Vet's Memorial Home, 164 N.J. 74 (2000).

Byrd was personally served with the complaint on February 4, 2011 (Stangler Supplemental Certification, Exhibit "A"). She failed to acknowledge or identify herself as an employee of UMDNJ until the answer was filed December 13, 2011, ten (10) months later.

There is absolutely no prejudice. This case has been in a procedural posture of motions to dismiss, motions to amend, and is currently scheduled for a motion for reconsideration regarding proposed amendments. No discovery has been held. It is anticipated that further motions to dismiss will be made. The parties in possession of the relevant records remain in possession and there is no argument that can be made that Nurse Byrd is any different position than any other defendant in this case, and cannot fully and fairly conduct discovery and prepare this case for trial.

Plaintiff requests that the relief sought be granted.

Respectfully submitted,

*/s/*

SHELLEY L. STANGLER, ESQ.

cc: Joseph M. Micheletti, Esq.
Kevin A. Terhune, Esq.
John J. Welsh, Esq.
David C. Donohue, Esq.