# FARKAS & DONOHUE, LLC

<u>Counselors at Law</u>
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

EVELYN CADORIN FARKAS *
DAVID C. DONOHUE # *
ROBERT J. MORMILE **
BETH A. HARDY*
CHARLES E. MURRAY III +
NANCY CROSTA LANDALE
EILEEN M KAVANAGH +
JENNIFER SALFI GIANETTI
GUY M. MAGNUSSON
DAVID M. JACHTS

\* Certified By The Supreme
Court of New Jersey as a
Certified Civil Trial Attorney
\*\* Admitted in NJ & PA
\+ Admitted in NJ & NY
\# Admitted in NJ & AZ

June 21, 2012

*Electronically Filed*
Honorable Lois H. Goodman, U.S.M.J.
United States District Court - District of New Jersey
402 E. State Street
Trenton, NJ 08608

      Re:  *Mullin v. Byrd, et al.*
      Docket No. 3:11-CV-0247(MLC)(LHG)
      Our File No.: UMDNJ-113

Your Honor:

  We represent defendant Nurse Jayne Byrd. Plaintiff's motion for leave to file a late notice of Tort Claim is pending before Your Honor and has been opposed by Nurse Byrd. We submit the following letter brief in response to Your Honor's June 19, 2012 request for "further briefing on the effect of *N.J.S.A.* 59:8-8(b) on Plaintiff's request for leave to file a late notice of tort claim."

1.  <u>*N.J.S.A.* **59:8-8(b) has no effect on plaintiff's request for leave to file late notice of claim.**</u>

  As plaintiff has asserted, *Anaya v. Twp. of Vernon*, 139 *N.J. Super.* 409 (App. Div.), *certif. den.* 71 *N.J.* 494 (1976) provides a dispositive answer to the question raised by Your

Honor. In *Anaya, supra,* plaintiffs were granted leave to file late notice of claim but failed to commence their action until more than two years after the occurrence. *Id.* at 411. The trial court entered summary judgment for plaintiffs' failure to comply with the statute of limitations. *Id.*

On appeal, plaintiffs creatively contended that because *N.J.S.A.* 59:8-8 requires six months to elapse between filing the notice of claim and suit, the two year statute of limitations codified in *N.J.S.A.* 59:8-8(b) was tolled. *Id.* Finding this contention "manifestly without merit", the Appellate Division held: "It is plain that the notice provisions of the act, including those relating to when an action may be commenced after notice of claim is filed, do not affect the statute of limitations provisions applicable to the claim asserted – here, two years from the date of the accident and resulting injury. *N.J.S.A.* 59:8-1; 59:8-8(b); 59:8-9. See also *N.J.S.A.* 2A:14-2." *Id.* at 412; emphasis added. Indeed, though not cited by the *Anaya* court, the 1972 Task Force Comment to *N.J.S.A.* 59:8-1 provides: "The purpose of this section is to make clear that the notice provisions of this chapter do not affect the statute of limitations provision established herein."

Especially with the Supreme Court's denial of certification on this issue, there is no question that the two year statute of limitations contained in *N.J.S.A.* 59:8-8(b), though applicable to plaintiff's wrongful death action (*see Iaconianni v. N.J. Tpke. Auth.,* 236 *N.J. Super.* 294, 298 (App. Div. 1998), *certif. den.* 121 *N.J.* 592 (1990)), has no effect whatsoever on the separate issue of plaintiff's failure to file a timely and sufficient notice of claim in the case at bar. Rather, as the statute is written, satisfaction of any one of the three subsections of *N.J.S.A.* 59:8-8 forever bars the claimant from recovering against a public entity or employee. *Id. See also Otchy v. Elizabeth Bd. of Educ.,* 325 *N.J. Super.* 98, 110 (App. Div. 1999), *certif. denied,* 163

*N.J.* 79 (2000), ruling that even where proper notice has been filed, failure to file the complaint within the statute of limitations period defeats the claim.

2.  **Plaintiff's Complaint should be dismissed for failure to comply with the notice provisions of the Tort Claims Act**

In her June 20, 2012 letter brief, without invitation or leave to do so, and without any relation to Your Honor's specific inquiry, plaintiff takes another stab at her moving arguments. For the reasons expressed in Nurse Byrd's opposition to plaintiff's motion for leave to file late notice of claim, however, it remains that plaintiff has failed to comply with the Tort Claims Act's notice provisions, and therefore plaintiff's complaint should be dismissed with prejudice.

Respectfully submitted,

Nancy Crosta Landale

NCL/abm

cc: Shelley L. Stangler, Esq.
 Joseph Micheletti, DAG
 Kevin A. Terhune, DAG
 John J. Welch, Esq.