**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased, and JOAN MULLIN, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-247 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF**, Joan Mullin, earlier moved before the Magistrate Judge for leave to amend the Complaint to, inter alia, add "Officer Dimler" ("Dimler") and "Beatrice Teel, R.N." ("Teel") as defendants to the action. (See dkt. entry no. 31, Motion for Leave to Amend; see also dkt. entry no. 35, Second Motion for Leave to Amend.) The Magistrate Judge, upon review of both the Motion for Leave to Amend and the Second Motion for Leave to Amend ("the Motions"), denied the Motions insofar as Mullin thereby sought to add Dimler and Teel as defendants to the action. (See generally dkt. entry 43, 11-28-11 Order.) The Magistrate Judge explained that that Mullin failed to set forth sufficient factual allegations to support the proposed claims raised against Dimler and Teel. (See generally id.)

**MULLIN** timely moved for reconsideration of the 11-28-11 Order. (See dkt. entry no. 46, Motion for Reconsideration.) The Magistrate Judge, upon reconsideration, again concluded that Mullin failed to set forth sufficient factual allegations relating to the proposed claims raised against Dimler and Teel. (See dkt. entry no. 80, 6-19-12 Order at 13-14.) The Magistrate Judge explained Mullin failed to set forth "factual assertions [of Dimler and/or Teel's] personal involvement or wrongdoing" in the conduct underlying the action, "let alone conduct that led to the deprivation of [Robert] Mullin's constitutional rights", and thus failed to set forth sufficient factual allegations such that the proposed claims raised Dimler and Teel were "plausible on [their] face". (Id. at 13.) The Magistrate Judge, concluding that Mullin "essentially ask[ed] the Court to take a leap of faith", thus again denied the Motions insofar as they sought to add Dimler and Teel as defendants to the action. (See id. at 14, 17.)

**THE MAGISTRATE JUDGE**, however, denied the Motions without prejudice. (See id. at 14.) The Magistrate Judge recognized that "discovery may illuminate the circumstances surrounding [Robert] Mullin's death and provide additional information" that might support a later motion for leave to amend the Complaint to add Dimler and/or Teel as defendants to the action. (Id.)

**MULLIN** now appeals pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 72.1(c) from the 6-19-12 Order, insofar as the Magistrate Judge denied Mullin's requests to add Dimler and Teel as defendants to the action. (See dkt. entry nos. 94-4 & 94-5, Mullin Appeal Br.) Mullin argues on appeal that the factual allegations set forth in the proposed amended complaint sufficiently support the proposed claims raised against Dimler and Teel. (See id.) It appears that the defendants oppose the Appeal. (See dkt. entry no. 93, Defs.' Opp'n);[1]

**THE COURT** resolves the Appeal without oral argument pursuant to Local Civil Rule 78.1(b).

**IT APPEARS** that a motion for leave to amend a pleading is not dispositive, and thus, may be entered by a magistrate judge. See 28 U.S.C. § 636(b)(1)(A). The Court, in reviewing a magistrate judge's order in a non-dispositive matter, including an order denying a motion for leave to amend a pleading, may modify, vacate, or reverse the order only if it was "clearly erroneous or contrary

---

[1] The Court acknowledges that the opposition papers docketed at entry 93 technically relate to a motion pending before the Magistrate Judge. The Court notes, however, that the motion pending before the Magistrate Judge also seeks to amend the Complaint to add Dimler and Teel as defendants to the action.
    The defendants, in those opposition papers, state that the Magistrate Judge, in the 6-19-12 Order, "properly denied plaintiff's motion to add . . . Dimler and Teel". (Defs.' Opp'n at 2.) The Court accordingly treats those opposition papers as relating to the Appeal.

to law". Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1113 (3d Cir. 1986); see also Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002); United States v. Sensient Colors, Inc., 649 F.Supp.2d 309, 315 n.5 (D.N.J. 2009) ("the clearly erroneous or contrary to law standard of review is applicable to a motion to amend on appeal from a magistrate [judge's] decision"). "[A] finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Schering Corp. v. Mylan Pharms., Inc., No. 09-6383, 2011 WL 3651343, at *2 (D.N.J. Aug. 18, 2011) (citations omitted). A ruling is contrary to law if a magistrate judge has misinterpreted or misapplied applicable law. See Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998); see also Kounelis v. Sherrer, 529 F.Supp.2d 503, 517 (D.N.J. 2008).

**THE COURT** has reviewed the Motion for Leave to Amend, the Second Motion for Leave to Amend, Mullin's proposed amended complaint, and the 6-19-12 Order. The Court concludes that the Magistrate Judge neither committed an abuse of discretion nor an error of law by denying the Motions, insofar as Mullin therein sought to add Dimler and Teel as defendants to this action. The few factual allegations set forth in the proposed amended complaint that relate to Dimler and Teel, as noted by the Magistrate Judge,

4

do not allege "personal involvement or wrongdoing" in the conduct underlying the action, "let alone conduct that led to the deprivation of [Robert] Mullin's constitutional rights".  Mullin may, pursuant to the 6-19-12 order, move anew for leave to amend the Complaint if discovery reveals such facts.

**THE COURT** will issue an appropriate Order.

                                              s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:   August 2, 2012