## FIRST COUNT

73. Plaintiffs repeat each and every allegation contained in paragraphs one (1) through seventy-two (72) as if set forth fully herein at length.

74. At all relevant times herein, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.,** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** acting in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** acting in her personal, individual and official capacities, **OFFICER DIMLER,** acting in his personal, individual and official capacities, **KINTOCK, JOHN DOES 4-10,** through their agents, servants and employees and acting in their personal, individual and official capacities, and **ABC ENTITIES 1-10,** were acting under color of law under the state and federal Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, usages and practices of the subject governmental departments, agencies and entities and within the scope of their authority as employees and/or officers of the State of New Jersey, the DOC, South Woods State Prison and/or C.R.A.F.

75. During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit the unlawful violation of civil rights upon plaintiff's decedent **ROBERT MULLIN** (hereinafter "**MULLIN**") as well as to fail to provide proper medical care to **MULLIN**.

76. In particular, defendants agreed and conspired not to provide sufficient and adequate medical care to **MULLIN**, not to provide sufficient and adequate supervision, to violate protocols and policies designed to stop and avoid suicide by those persons, such as plaintiff's decedent, under the control and custody of the defendants, to fail to monitor and supervise **MULLIN**, to fail to intervene or protect **MULLIN** from danger and imminent physical

harm, to fail to treat for addiction and intoxication and to allow **MULLIN** to have the ability to commit suicide.

77.  During all relevant times herein the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N**, acting in her personal, individual and official capacities, **BEATRICE TEEL, R.N.**, acting in her personal, individual and official capacities, **OFFICER DIMLER**, acting in his personal, individual and official capacities, **KINTOCK, JOHN DOES 4-10,** acting in their personal, individual and official capacities, and **ABC ENTITIES 1-10**, by and through their agents, servants, and employees acted with deliberate and conscious indifference to **MULLIN'S** constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the defendants, in permitting and allowing **MULLIN** to be unsupervised, alone, and with the wherewithal to do harm to himself, in failing to provide medical attention, in failing to review transfer records and failing to see to it that each inmate was properly evaluated, in failing to see to it that **MULLIN** was maintained in the infirmary and treated for drug intoxication and addiction, in failing to enact, implement, promulgate and enforce policies, procedures and standards with respect to suicide watch and avoidance, inadequate recordkeeping, in failing to intervene, in exposing plaintiff's decedent to imminent bodily harm, which was foreseeable under the circumstances, in allowing unsafe conditions to exist in the defendant correctional facilities, infirmaries and hospital, in failing to properly hire, train and supervise their employees in the proper conduct of their duties, among other acts and omissions.

78.  In particular, there are no known records of any investigation or internal affair reports made in connection with the death of **MULLIN**.

79. At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees were acting within the scope of their employment and duties at the time of the subject events as well as in their personal, individual and official capacities.

80. At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees, and acting in their personal, individual and official capacities, by reason of their acts, omissions, deliberate and conscious indifference to the rights of **MULLIN**, and by a pattern of abuse and violation of procedure and protocol, and failure to provide medical treatment inclusive of mental health services, and by their failure to provide **MULLIN** with a safe environment and by putting him in a position to harm himself, deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to the plaintiffs pursuant to Title 42 Sections 1983 of the United States Code and the New Jersey Civil Rights Statute Title 10 and under state common law.

81. The defendants, their agents, servants and employees allowed, condoned and permitted the circumstances under which suicide and harm could occur, and with deliberate indifference failed to prevent it, failed to intervene, failed to provide proper medical care and services, and subjected **MULLIN** to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

82. In particular, the **SUPERVISOR DEFENDANTS**, individually had a personal obligation to review the transfer records of each and every inmate being admitted to their facility and to see to it that each individual inmate was accorded the care, treatment and supervision required, including **MULLIN**.

83. The defendants, their agents, servants and employees deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States including violation of his Fourteenth Amendment rights of due process, equal protection, his First Amendment rights, his Fourth Amendment rights and his rights of privacy, as well as his Fifth and Sixth Amendment rights.

84. At all relevant times herein the aforedescribed acts were committed under color of law within the authority of the agents, servants and employees of the defendants.

85. The defendants, individually and collectively acted pursuant to official policy and/or custom and to deprive plaintiff's decedent of his constitutional rights under 42 U.S. Code section 1983.

86. By reason of the foregoing, defendants violated the civil rights of plaintiff's decedent.

87. By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

88. The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

89. As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

90. As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the

services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

91. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

92. By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

93. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

94. **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 and ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SECOND COUNT

95. Plaintiffs repeat and reallege each and every allegation contained in paragraph one (1) through ninety-four (94) of the complaint as if set forth fully herein at length.

96. Defendants, individually and collectively, through their agents, servants and employees acted pursuant to official policy and/or custom to deprive plaintiff's decedent of his

constitutional rights under Title 10 of the New Jersey statutes, known as the New Jersey Civil Rights Act., N.J.S.A. 10:6-1 *et seq*. Specifically, by their actions, defendants deprived plaintiff's decedent of his right to be free from cruel or unusual punishment as provided by the New Jersey Constitution, Article 12 and his right to due process as provided by the New Jersey Constitution, Article 1.

97. By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

98. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

99. As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

100. As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

101. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

102. By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

103. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

104. **WHEREFORE**, plaintiffs **JOAN MULLIN**, as Administratrix Ad Prosequendum of the **ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually**, demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### THIRD COUNT

105. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred four (104) of the Complaint as if set forth fully herein at length.

106. At all relevant times herein defendants were under a duty to act reasonably in the performance of their duties as corrections officers, staff, medical providers and supervisors in the control, maintenance, operation, handling and management of the jail and correctional facilities and/or in the hospital, in the provision of medical care and treatment, in properly supervising and monitoring plaintiff's decedent, in following and promulgating appropriate policies and procedures with respect to those who are likely to harm themselves, including the commission of suicide, and to prevent such harm from occurring, and to intervene to avoid and prevent such harm from occurring, and in providing proper training to those with the responsibility for the care and management of those under custodial or hospital care.

107. At all relevant times herein defendants were under a duty to act reasonably in following and maintaining proper protocol, policy, procedures, rules and guidelines enacted and

propounded with respect to their duties and the care and management of plaintiff's decedent and others similarly situated.

108. Defendants, individually and collectively were negligent and careless in their failure to properly hire, retain, train and supervise officers, staff, employees, agents, servants and medical providers with respect to the evaluation, classification, care and management of plaintiff's decedent, in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the suicide, in their failure to prevent the suicide, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the occurrence, and were negligent and careless in the failure to provide adequate medical attention and treatment, among other acts of negligence and omissions.

109. Defendants, individually and collectively were negligent and careless in failing to properly discipline their staff, employees, agents and servants despite knowledge of their failure to take proper action to avoid the subject occurrence and similar occurrences and to prevent those in plaintiff's decedent's position from harming themselves.

110. The personal injuries, death and damages suffered by plaintiff's decedent were caused solely as a result of the negligence and carelessness of the defendants, individually and collectively.

111. By reason of the foregoing, and as a direct and proximate result of defendants' negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

112. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

113. As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

114. As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

115. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

116. By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

117. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

118. **BEFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FOURTH COUNT

119. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred eighteen (118) of the Complaint as if set forth fully herein at length.

120. During the period he remained in their custody and care, the defendants individually and collectively, through their agents, servants and employees, engaged in actions intended to inflict severe emotional trauma upon plaintiff's decedent **MULLIN**.

121. By reason of the deliberate indifference and reckless disregard for the rights of **MULLIN**, and of the deprivation of constitutional rights as aforedescribed, including the intentional failure to follow policies and procedures, the failure to provide adequate medical care and treatment, the failure to supervise and monitor, the failure to train, **MULLIN** was subjected to intentional infliction of emotional distress.

122. The emotional distress was severe and outrageous.

123. The emotional distress was of such character that no reasonable person could be expected to endure it.

124. In particular, the emotional distress aggravated and exacerbated decedent **MULLIN'S** previously diagnosed psychiatric conditions which increased the likelihood and foreseeability of self-inflicted harm, including suicide.

125. In addition or in the alternative, plaintiff's decedent suffered emotional harm due to the negligence and carelessness of the defendants.

126. By reason of the aforesaid intentional and negligent infliction of mental distress, plaintiff's decedent **MULLIN** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, all to his damage.

127. By reason of the foregoing infliction of mental distress, both intentional and negligent, plaintiff's decedent **MULLIN** has been damaged.

128. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

129. As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

130. As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

131. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

132. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

133. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

134. **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK**

GROUP, MERCER COUNTY, JOHN DOES 4-10 and ABC ENTITIES 1-10 jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### FIFTH COUNT

135. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred thirty four (134) as if set forth herein fully at length.

136. The **SUPERVISOR DEFENDANTS'** and **KINTOCK's** unlawful acts constitute abuse of process.

137. By reason of the foregoing, and as a direct and proximate result of defendants' abuse of process, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

138. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

139. As a direct and proximate result of the abuse of process, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

140. As a direct and proximate result of the abuse of process as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

141. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

142. By reason of the foregoing abuse of process and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

143. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

144. **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SIXTH COUNT

145. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred forty four (144) of the Complaint as if set forth fully herein at length.

146. At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat any medical conditions suffered by plaintiff's decedent, including mental health, emotional, psychological and psychiatric care and treatment, and were under a duty to do so.

147. At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat plaintiff's decedent **MULLIN**.

148. At all relevant times herein defendants, individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., and CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE,** held themselves out to plaintiff's decedent as facilities/persons able to and furnishing medical treatment and medical care.

149. At all relevant times herein defendants individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N. and CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC** owed a duty to the plaintiff's decedent and to others likewise situated to use reasonably prudent and non-negligent medical care.

150. Between January 15, 2009 and January 17, 2009 plaintiff's decedent came under the care of the medical staff, infirmary, agents, servants and employees and/or contractors of the defendants.

151. At all relevant times herein defendants held themselves out as maintaining adequate and competent agents, servants and employees and further warranted and represented that their agents, servants and/or employees were qualified and trained to provide proper medical care and treatment as required and further warranted and represented themselves as being equipped in sufficient manner to render such proper care and treatment, including care and treatment involving mental health, emotional stability, psychological and psychiatric care.

152. The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of plaintiff's decedent, failed to exercise that degree of care to be

exercised by a hospital and medical staff in similar circumstances and were negligent and careless in the care and treatment of plaintiff's decedent **MULLIN**.

153. The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of **MULLIN**, failed to exercise that degree of care to be expected by a hospital, nurses, and medical providers in correctional facilities in similar circumstances and were negligent and careless in the care and treatment of **MULLIN**.

154. The defendants, individually and collectively, their agents, servants, employees and contractors were negligent and careless in failing to hire, train and supervise adequate staff, in failing to recognize various signs symptoms, indications and manifestations of medical and psychological problems in **MULLIN**, in failing to maintain adequate and proper protocols and standards for the handling of persons in the condition of **MULLIN**, in failing to maintain proper record keeping protocol; in failing to properly diagnosis **MULLIN'S** condition and failing to provide adequate care, failing to appreciate the likelihood that **MULLIN** could or would inflict harm to himself, failed to provide proper counseling and guidance, failing to properly evaluate his mental state so as to avoid the occurrence, and in otherwise failing and omitting to maintain that degree of care and treatment for sick patients that a prudent hospital and prudent doctors, interns, nurses, attendant and other medical providers would have maintained under like circumstances and like conditions.

155. By reason of the aforesaid medical and nursing malpractice, plaintiff's decedent was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain, was prevented from engaging in his usual activities and committed suicide.

156. By reason of the foregoing, and as a direct and proximate result of defendants' medical negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

157. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

158. As a direct and proximate result of the medical negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

159. As a direct and proximate result of the medical negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

160. By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

161. By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

162. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

. **WHEREFORE**, plaintiffs **JOAN MULLIN**, as Administratrix Ad Prosequendum of the **ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually**, demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N.,**

ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 and ABC ENTITIES 1-10 jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

SHELLEY L. STANGLER, P.C.
**Attorney for Plaintiffs**

Dated: 9/20/12    BY: _____
SHELLEY L. STANGLER, ESQ.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

Dated: 9/20/12    BY: _____
SHELLEY L. STANGLER, ESQ.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, **SHELLEY L. STANGLER, ESQ.** is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

Dated 9/20/12    BY: _____
SHELLEY L. STANGLER, ESQ.

## CERTIFICATION

SHELLEY L. STANGLER, ESQ., of full age, certifies:

1. SHELLEY L. STANGLER, P.C. has been retained to represent plaintiffs, **JOAN MULLIN, as Administratrix of the Estate of ROBERT MULLIN, JR, and JOAN MULLIN individually** in connection with the within matter. I am the attorney in charge of the case.

2. The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3. There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: 9/20/12

SHELLEY L. STANGLER, ESQ.