UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually,<br>Plaintiffs,<br>v.<br><br>ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions,<br>Defendants. | CIVIL ACTION NO. 3:11-cv-00247 (MLC -LHG)<br><br>JOINT DISCOVERY PLAN |

The Parties, as and for their Joint Discovery Plan, set forth the following:

1. **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

<u>For Plaintiff:</u> Plaintiff allegeq various causes of action arising out of the suicide of plaintiff's decedent Robert Mullin while incarcerated at a state correctional facility operated by the State Department of Corrections under the supervision and direction of the defendant administrators and supervisors Karen Balicki and Robert Patterson. The defendants are persons sued in their individual capacities who plaintiffs allege were responsible for the care, management, oversight, supervision, classification and housing assignment of the decedent. These defendants include the above mentioned supervisory officials as well as an individually named correction officer and a nurse. Plaintiff asserts violations of both state and federal constitutional rights under 42 U.S.C. Sec. 1983 in the failure to provide adequate safeguards against the suicide, including improper housing and monitoring meeting the deliberate indifference standard. In addition to the constitutional violations plaintiff pleads negligence, abuse of process, emotional distress and state law medical negligence claims. Both wrongful death and pain and suffering claims are brought.

As the transferring institution, Kintock Group was a halfway house who, despite knowledge of the deteriorating psychological condition and aggressive behaviors of plaintiff's decedent, was negligent in failing to alert and provide proper transfer papers to the correctional facilities which would have resulted in a classification of suicide watch and prevention.

<u>For Defendants</u>: Defendants deny all the allegations and put the plaintiff to her proofs, and deny any constitutional violations, abuse of process or negligence.

For affirmative defenses, please see Defendants' State of New Jersey, Department of Corrections of the State of New Jersey, South Woods State Prison, Administrator Karen Balicki, Central Reception & Assignment Facility, Director Robert Paterson, Director Marie Dunlap-Pryce, Jane Byrd, RN and The Kintock Group's answer.

Defendant Jane Byrd, R.N., seeks permission to file a dispositive motion dismissing plaintiff's complaint pursuant to the immunities conferred by N.J>S.A. 59:6-6.

2. **Have settlement discussions taken place?** NO.

3. **The status of Rule 26 disclosure is as follows**: Due to very protracted motion practice regarding dismissal of the claims, several motions to amend and a motion to file late notices of claim, the parties have not proceeded with any discovery, including initial disclosures. Plaintiff is in possession of partial records from defendant Kintock and the State. The parties shall provide Rule 26 disclosure by November 26, 2012.

4. **Describe any discovery conducted**. None.

5. **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

For Plaintiff: It is anticipated that motion practice and briefing will be required on discovery issues. Plaintiff will be seeking prior notices of claims, lawsuits and internal grievances/complaints/investigations filed regarding any suicides/suicide prevention occurring within the subject facilities for a 10 year period as well as complaints regarding classification designation. Plaintiff will seek access to all federal and state inspection/annual inspection data which includes reporting on suicides, housing and classification issues, policy and procedure. It is anticipated that defendants will resist such disclosure. Plaintiff will not object to appropriate Protective Orders.

For Defendants: It is anticipated that defendants will file dispositive motions regarding Immunity defenses and the failure to meet the proofs required and Summary Judgment motions at the end of discovery.

For Defendants' State of New Jersey, Department of Corrections of the State of New Jersey, South Woods State Prison, Administrator Karen Balicki, Central Reception & Assignment Facility, Director Robert Paterson, Director Marie Dunlap-Pryce, Jane Byrd and the Kintock Group. Defendants will file a motion to dismiss and/or for summary judgment.

6. **The parties propose the following:**

   (a) **discovery is needed on the following subjects**: experts, medical information, policy and procedures, witnesses, persons with knowledge, reports, investigation, all records regarding plaintiff, plaintiff background, employment data, documents relative to the event, prior notice documents regarding suicide, grievances, complaints, classification

   (b) **Should discovery be conducted in phases? If so, please explain.**

   No special orders are necessary in this regard. Discovery should proceed in the normal course with written discovery produced followed by depositions and expert reports.

   (c) **Number of Interrogatories by each party to each other party:**

   For Plaintiff: Plaintiff requests permission to propound both general interrogatories encompassing 21 questions and an additional 25 questions specifically on the Section 1983 allegations and evidence. Special questions are necessary in this regard outside of the general questions asked regarding experts, witnesses, statements and the like.

The 25 maximum set forth in the Rules is insufficient to cover the relevant areas.

For Defendants:

For Defendants' State of New Jersey, Department of Corrections of the State of New Jersey, South Woods State Prison, Administrator Karen Balicki, Central Reception & Assignment Facility, Director Robert Paterson, Director Marie Dunlap-Pryce, Jane Byrd and The Kintock Group request to serve up to 46 interrogatory questions to Plaintiff.

Defendant Jane Byrd, R.N. requests to serve up to 25 interrogatories on the medical malpractice claim being asserted against her.

**The parties propose the following plan for discovery:**

(a) Interrogatories and Notice to Produce to be propounded by November 30, 2012;

(b) Responses to Interrogatories and Notice to Produce by January 30, 2012;

(c) Fact Depositions to be completed by May 30, 2013;

(d) Number of Depositions to be taken by each party: Maximum of 10 Depositions by each party subject to court intervention in the event more are necessary or if the parties cannot agree.

(e) Plaintiff expert reports due by July 30, 2013;

(f) Defendants' expert reports due by September 30, 2013;

(g) Motions to Amend or Add Parties to be filed by June 15, 2013;

(h) Dispositive motions to be served within 45 days of completion of discovery;

(i) Fact discovery to be completed by May 30, 2013;

(j) Expert discovery including depositions to be completed by November 30, 2013;

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

4

A Protective Order will be required with respect to disclosure of personnel information regarding the individual defendants and regarding disclosure and investigation of complaints regarding suicide prevention, classification and housing.

(l) A pretrial conference may take place at the Court's discretion.

(m) Trial by jury or non- jury trial – Jury Trial

(n) Trial Date – to be determined.

7. **Do you anticipate any discovery problems?**

YES, see plaintiff's and defendants' discussion at answer to number 5 above and interrogatories to be propounded.

8. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses, etc.?)**

None at this time.

9. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (Pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

The parties may be amenable to mediation upon completion of discovery; in such event the parties would pick a suitable mediation and advise the Court.

SHELLEY L. STANGLER, P.C.
155 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Attorney for Plaintiff

By:_____
SHELLEY L. STANGLER, ESQ.

OFFICE OF THE ATTORNEY GENERAL
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Attorney for Defendants State of New Jersey, Department of Corrections of the State of New Jersey, South Woods State Prison, Administrator Karen Balicki, Central Reception & Assignment Facility, Director Robert Paterson, Director Marie Dunlap-Pryce, and Jane Byrd (on the constitutional claims only).

By: *s/Christine H. Kim*
    CHRISTINE H. KIM
    Deputy Attorney General

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442
Attorneys for Defendant Kintock


By:_____
    JOHN J. WELSH, ESQ.

Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attorneys for Defendant Nurse Jane Byrd, on the state malpractice claim

By: _____
    David C. Donohue, Esq.

SHELLEY L. STANGLER, P.C.
155 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Attorney for Plaintiff

By:_____
    SHELLEY L. STANGLER, ESQ.

6

OFFICE OF THE ATTORNEY GENERAL
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Attorney for Defendants State of New Jersey, Department of Corrections of the State of New Jersey, South Woods State Prison, Administrator Karen Balicki, Central Reception & Assignment Facility, Director Robert Paterson, Director Marie Dunlap-Pryce, and Jane Byrd (on the constitutional claims only).

By: _____
   CHRISTINE H. KIM
   Deputy Attorney General


John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442
Attorneys for Defendant Kintock



By: _____
   JOHN J. WELSH, ESQ.
Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attorneys for Defendant Nurse Jane Byrd, on the state malpractice claim



By: _____
   David C. Donohue, Esq.

OFFICE OF THE ATTORNEY GENERAL
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Attorney for Defendants State of New Jersey, Department of Corrections of the State of New Jersey, South Woods State Prison, Administrator Karen Balicki, Central Reception & Assignment Facility, Director Robert Paterson, Director Marie Dunlap-Pryce, and Jane Byrd (on the constitutional claims only).

By: *s/Christine H. Kim*
CHRISTINE H. KIM
Deputy Attorney General


John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442
Attorneys for Defendant Kintock

By: _____
JOHN J. WELCH, ESQ.
Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attorneys for Defendant Nurse Jane Byrd, on the state malpractice claim


By: _____
David C. Donohue, Esq.

6

OFFICE OF THE ATTORNEY GENERAL
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Attorney for Defendants State of New Jersey, Department of Corrections of the State of New Jersey, South Woods State Prison, Administrator Karen Balicki, Central Reception & Assignment Facility, Director Robert Paterson, Director Marie Dunlap-Pryce, and Jane Byrd (on the constitutional claims only).

By: s/Christine H. Kim
    CHRISTINE H. KIM
    Deputy Attorney General


John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442
Attorneys for Defendant Kintock



By:_____
    JOHN J. WELSH, ESQ.
Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attorneys for Defendant Nurse Jane Byrd, on the state malpractice claim

By: [signature]
David C. Donohue, Esq.

6