**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased, and JOAN MULLIN, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-247 (MLC)<br><br>**O R D E R** |

**THE PLAINTIFF** has brought this action against several defendants. (See dkt. entry no. 1, Compl.; dkt. entry no. 45, Am. Compl.; dkt. entry no. 102, 2d Am. Compl.) The plaintiff incorrectly labeled the Amended Complaint as a second amended complaint, and the Second Amended Complaint as a fourth amended complaint. (See Am. Compl.; 2d Am. Compl.)

**SERVICE UPON CERTAIN DEFENDANTS**

It appears that the plaintiff has yet to serve the defendants listed herein as (1) Erin Marusky, R.N., (2) Officer Dimler, and (3) Beatrice Teel, R.N. ("Marusky, Dimler, and Teel"). (See dkt. entry no. 10, 3-16-11 Pl. Letter (stating certain defendants other than Marusky, Dimler, and Teel were served; plaintiff filed copy of same letter under docket entry no. 36); dkt. entry no. 126, Letter Br. by defendants Administrator Karen Balicki, Director Marie Dunlap-Pryce, and Director Robert Paterson ("DOC Defendants") at 2-3 (stating plaintiff is aware of addresses of

Dimler, Teel, and Marusky).) It also appears that this action has been pending for more than 120 days without the plaintiff having served Marusky, Dimler, and Teel. Furthermore, the Court's review of the plaintiff's documents filed on the docket reveals no explanation for the plaintiff's apparent lack of prosecution here.

**I. Federal Rule of Civil Procedure 4(m)**

"If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). Thus, the Court will dismiss the Second Amended Complaint (incorrectly docketed as a fourth amended complaint) insofar as it is asserted against Marusky, Dimler, and Teel unless the plaintiff establishes that service has been effected upon them. See Demos v. President of U.S., 365 Fed.Appx. 341, 342 (3d Cir. 2010); Sykes v. Blockbuster Video, 205 Fed.Appx. 961, 963-64 (3d Cir. 2006); Liu v. Oriental Buffet, 134 Fed.Appx. 544, 546 (3d Cir. 2005).

**II. Local Civil Rule 41.1(a)**

It alternatively appears that this action has been pending for more than 120 days without the plaintiff having taken any proceedings against Marusky, Dimler, and Teel. The Court will dismiss the Second Amended Complaint (again, incorrectly docketed

as a fourth amended complaint) insofar as it is asserted against Marusky, Dimler, and Teel unless the plaintiff takes steps to prosecute this action insofar as it has been brought against them.  See L.Civ.R. 41.1(a); see also Fed.R.Civ.P. 41(b).  The Court is authorized to impose harsh penalties when enforcing the Local Civil Rules.  See Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); see also Knoll v. City of Allentown, No. 12-1635, 2013 WL 628415, at *3 (3d Cir. Feb. 21, 2013) (stating local civil rules play a vital role in a district court's efforts to manage itself and its docket).[1]

### III.  Plaintiff's Response

Merely filing proof of service upon Marusky, Dimler, and Teel now will not be tantamount to compliance with this Order, the Federal Rules of Civil Procedure, or the Local Civil Rules.  The plaintiff, if intending to proceed against Marusky, Dimler, and Teel, must directly respond to this Order by filing a separate letter or brief on the electronic docket.

## SEPARATE MOTIONS TO DISMISS

The DOC Defendants have filed a motion to dismiss the Second Amended Complaint insofar as it is asserted against them.  (See dkt. entry no. 111, DOC Defs. Notice of Mot.)  The defendant

---

[1]  The Court will balance the Poulis factors if necessary.  See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

listed as Jane Byrd, L.P.N., then separately filed a motion to dismiss the claims asserted against her ("Byrd Motion"). (See dkt. entry no. 114, Byrd Notice of Mot.)

The Court has the inherent power to control the docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991). The Court, for the ease of its own administration, will administratively terminate the DOC Defendants Motion, and then decide it on the merits simultaneously with the Byrd Motion soon. This administrative termination is not the equivalent of a determination of the DOC Defendants Motion on the merits — indeed, the Court is treating the DOC Defendants Motion as being pending — and is being instituted purely for administrative reasons that need not concern the parties. The parties should continue to litigate the DOC Defendants Motion.

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this 8th day of March, 2013, **ORDERED** that **THE SECOND AMENDED COMPLAINT INSOFAR AS IT IS ASSERTED AGAINST THE DEFENDANTS ERIN MARUSKY, R.N., OFFICER DIMLER, AND BEATRICE TEEL, R.N. WILL BE DISMISSED ON MARCH 22, 2013,** without further notice to the plaintiff, unless before that date the plaintiff responds to this Order, and complies with the Federal Rules of Civil Procedure and the Local Civil Rules in the manner described herein; and

**IT IS FURTHER ORDERED** that no further enlargements of time will be granted to the plaintiff to comply with this Order; and

**IT IS FURTHER ORDERED** that if the plaintiff fails to respond to this Order in the manner described herein, then the plaintiff will be deemed to support dismissal of the Second Amended Complaint insofar as it is asserted against the aforementioned defendants; and

**IT IS FURTHER ORDERED** that the motion by the defendants listed as Administrator Karen Balicki, Director Marie Dunlap-Pryce, and Director Robert Paterson to dismiss the Second Amended Complaint insofar as it is asserted them (dkt. entry no. 111) is **ADMINISTRATIVELY TERMINATED,** and will be determined on the merits simultaneously with the separate motion filed under docket entry no. 114.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

5