## TABLE OF CONTENTS

Page No.

PRELIMINARY STATEMENT ........................................ 1

PROCEDURAL HISTORY ........................................... 2

STATEMENT OF FACTS .......................................... 4

STANDARD OF REVIEW .......................................... 5

ARGUMENT .................................................... 6

POINT I

   PLAINTIFF'S COMPLAINT AGAINST DOC DEFENDANTS
   MUST BE DISMISSED BECAUSE STATE EMPLOYEES IN
   THEIR OFFICIAL CAPACITIES ARE NOT "PERSONS"
   AMENDABLE TO SUIT UNDER 42 U.S.C. §1983 AND
   PLAINTIFF'S STATE LAW AND 42 U.S.C. §1983 CLAIMS
   AGAINST THESE DEFENDANTS ARE BARRED BY THE 11TH
   AMENDMENT ............................................ 6

   A.  Plaintiff's Complaint Against DOC Defendants
       Is Barred by the Eleventh Amendment. ........... 7

   B.  Defendants in Their Official Capacities Are Not
       "Persons" Amenable to Suit under 42 U.S.C. §1983
       and Therefore Plaintiff's Complaint must Be Dismissed
       ............................................... 10

POINT II
   PLAINTIFF'S 42 U.S.C. §1983 CLAIMS AGAINST DOC
   DEFENDANTS ARE BASED UPON AN IMPERMISSIBLE OF
   RESPONDEAT SUPERIOR AND MUST BE DISMISSED .......... 11

POINT III
   PURSUANT TO THE NEW JERSEY TORT CLAIMS ACT, DOC
   DEFENDANTS ARE IMMUNE FROM LIABILITY ON
   PLAINTIFF'S STATE LAW CLAIMS AND ENTITLED TO
   DISMISSAL OF THOSE CLAIMS .......................... 14

i

**CONCLUSION** ................................................... **16**

# TABLE OF AUTHORITIES

## FEDERAL CASES

Alabama v. Pugh, 438 U.S. 781 (1978) ...................... 8

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) ................. 5

Baker v. Monroe Township, 50 F.3d 1186 (3d Cir. 1995) .... 12

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ....... 5

Brady v. Michelin Reifenwerke, 613 F. Supp. 1076 (D. Miss. 1985) ..................................................... 8

Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991) ....... 16

City of Canton v. Harris, 489 U.S. 378 (1989) ........... 12

College Savings Bank v. United States of America, 948 F. Supp. 400 (D.N.J. 1996) ................................. 8

Dawkins v. County of Union, 2010 U.S. Dist. LEXIS 58368 (D.N.J. June 11, 2010) .................................. 16

Edelman v. Jordan, 415 U.S. 651 (1974) ................. 8,9

Florida Department of Health v. Florida Nursing Home Associate, 450 U.S. 147 (1981) ......................... 9

Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970) ....... 12

Jackson v. Taylor, No. 05-823, 2006 U.S. Dist. LEXIS 57024 (D. Del. May 12, 2006) ................................. 12

Jimenez v. New Jersey, 245 F. Supp. 2d 584 (D.N.J. 2003) ......................................... 11

Kentucky v. Graham, 473 U.S. 159 (1985) ................. 8

McClary v. O'Hare, 786 F.2d 83 (2d Cir. 1986) ........... 8

Miller, 619 F. Supp. at 1392-93 ......................... 9

Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984) ............................................... 7

Pennhurst, 465 U.S. at 99 ................................ 9

Polk County v. Dodson, 454 U.S. 312 (1981) .............. 11

Quern v. Jordan, 440 U.S. 332 (1979) .................... 8

Rasmussen v. Larson, 863 F.2d 603 (8th Cir. 1988)(holding
    §1983 liability would not be held against supervisory
    officers absent a showing of personal and direct
    involvement in the alleged constitutional violation)... 12

Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) ...... 11

Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989) .......... 12

Skehan v. Board of Trustees of Bloomsburg State College,
    590 F.2d 470 (3rd Cir. 1978), cert. denied, 440 U.S. 832
    (1979) ................................................. 9

Twombly, 550 U.S. at 556 ................................ 5

Will v. Michigan Department of State Police, 491 U.S. 58
    (1989) ................................................ 10

**STATE CASES**

Feinberg v. State, 265 N.J. Super. 218 (App. Div. 1993),
    rev'd. o.g............................................. 15

Iaconianni v. N.J. Turnpike Authority, 236 N.J. Super. 294
    (App. Div. 1989), cert. den........................... 15

Priore v. State, 190 N.J. Super. 127 (App. Div. 1983) .... 15

Tryanowski v Lodi Board of Ed., 274 N.J. Super. 265 (Law
    Div. 1994) ............................................ 15

**FEDERAL STATUTES**

Fed. R. Civ. P. 8(a)(2 ................................... 6

**STATE STATUTES**

N.J.S.A. 30:4-27.7 ....................................... 16

N.J.S.A. 59:6-4, 6-5, 6-6 ................................. 14

N.J.S.A. 59:8-8 .......................................... 14

N.J.S.A. 59:8-9 ........................................ 14,15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | | |
|---|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, | : : : : | HON. MARY L. COOPER, U.S.D.J. Civil Action No.: 11-0247 (MLC-LHG) |
| Plaintiffs, | : : : | |
| | : | v.                                    : |
| ADMINISTRATOR KAREN BALICKI, et al., | : : : | **NOTICE OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| Defendants. | : : | |

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

JEFFREY S. CHIESA
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey  08625
Attorney for Defendants,
Karen Balicki, Robert Paterson,
Marie Dunlap-Pryce, Nicholas Dimler
and Beatrice Teel

By:  Randy Miller
     Deputy Attorney General
     On the Brief

## PRELIMINARY STATEMENT

Plaintiffs Joan Mullin, Administratrix of the estate of Robert Mullin, and Joan Mullin, individually, filed a Fourth Amended Complaint asserting Federal and State law causes of action against various Defendants, including the Defendants, Karen Balicki, Robert Paterson, Marie Dunlap-Pryce, Nicholas Dimler and Beatrice Teel, (collectively as "DOC Defendants"), regarding the suicide of former inmate Robert Mullin.

The Plaintiff's 42 U.S.C. § 1983 and state law claims against the DOC Defendants in their official capacities must be dismissed because such claims are barred by the Eleventh Amendment.  Further, State entities and State employees in their official capacities are not persons amenable to suit under 42 U.S.C. § 1983 and New Jersey Civil Rights Act.

Moreover, Plaintiff's 42 U.S.C. § 1983 claim against the DOC Defendants is based upon an impermissible theory of respondeat superior, and thus, should be dismissed.  Also, the Plaintiff's Fourth Amended Complaint fails to assert facts sufficient to support a claim of supervisory liability against the DOC Defendants.

In addition, pursuant to New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., the DOC Defendants are immune from liability on Plaintiff's State law claims.

1

Lastly, Plaintiff's claims for punitive damages should be dismissed because Plaintiffs cannot make the requisite showing to warrant such relief.

Accordingly, the DOC Defendants' Motion to Dismiss in lieu of an Answer, should be granted and Plaintiff's Fourth Amended Complaint should be dismissed as to these Defendants.

## PROCEDURAL HISTORY

On January 14, 2011, Plaintiff Joan Mullin, Administratrix of the estate of Robert Mullin, and Joan Mullin, individually, filed a Complaint against the State of New Jersey, the New Jersey Department of Corrections, Central Reception and Assignment Facility, South Woods State Prison, Administrator Karen Balicki and Nurse Jane Byrd, and others, regarding the suicide of former inmate Robert Mullin.

On February 2, 2011, Defendant Jane Byrd was served with the Summons and Complaint. On February 4, 2011, Defendants, the State of New Jersey, New Jersey Department of Corrections, South Woods State Prison, Central Reception and Assignment Facility and Karen Balicki, were served with the Summons and Complaint.

On April 19, 2011, Defendants, the State of New Jersey, the New Jersey Department of Corrections, Central Reception and Assignment Facility, South Woods State Prison, Administrator Karen Balicki and Nurse Jane Byrd, filed a motion to dismiss Plaintiff's

Complaint.  Plaintiff filed an opposition to that motion and filed a cross-motions to amend the Complaint and for discovery.

On September 21, 2011, the Court denied without prejudice Defendants' motion to dismiss Plaintiff's Complaint.

On November 28, 2011, the Court granted in part and denied in part Plaintiff's motion to amend the Complaint.

On December 1, 2011, the Plaintiff filed an Amended Complaint. The Plaintiff dismissed Defendants, the State of New Jersey, the New Jersey Department of Corrections, Central Reception and Assignment Facility, and South Woods State Prison from the Fourth Amended Complaint.

On December 9, 2011, Defendants, Robert Paterson and Marie Dunlap-Pryce, were served with the Summons and Amended Complaint.

On December 16, 2011, DOC Defendants filed a motion to dismiss Plaintiff's Amended Complaint, which was denied without prejudice on January 9, 2012, because Plaintiff's Motion for Reconsideration was pending.  On June 19, 2012, Plaintiff's Motion for Reconsideration was granted.

On September 21, 2012, Plaintiff filed a Fourth Amended Complaint.

On May 3, 2013, the Court ordered that the Plaintiff's claims against Nicholas Dimler and Beatrice Teel could proceed.

On May 14, 2013, the Court dismissed without prejudice the motions to dismiss previously filed on behalf of the defendants, and directed that any Defendants wishing to move for dismissal of the Fourth Amended Complaint shall file such a motion by June 7, 2013.

This motion on behalf of the DOC Defendants to dismiss Plaintiff's Fourth Amended Complaint follows.

### STATEMENT OF FACTS

Robert Mullin, Jr., Plaintiff Joan Mullin's son, was incarcerated in the New Jersey Department of Corrections in January 2009. Plaintiff's Fourth Amended Complaint, ¶11. On or about January 15, 2009, Mullin possessed and was under the influence of controlled dangerous substance at the halfway house and was transferred to South Woods State Prison. Id. at ¶¶15-17. On or about January 16, 2009, Mullin was transferred to Central Reception and Assignment Facility. Id. at ¶18. In addition, at some point between January 15, 2009 and January 17, 2009, Mullin came under the care of Trenton Psychiatric Hospital. Id. at ¶19. On January 17, 2009, Mullin hung himself in his cell. Id. at ¶¶25-31.

The Plaintiff has filed suit against Administrator Karen Balicki as the "chief supervisory official and executive of South Woods State Prison; Director Robert Paterson as "the chief supervisory official and executive" of the Department of

4

Corrections; and Marie Dunlap-Pryce as "a chief supervisory official and executive" of Central Reception & Assignment Facility; Nicholas Dimler as a "corrections officer" of the State of New Jersey; and Beatrice Teel, as a "health care provider" of the State of New Jersey. Id. at ¶¶2-8.

## STANDARD OF REVIEW

There are two working principles underlying the motion to dismiss standard. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." Id. at 1950.

Next, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, supra, 129 S. Ct. at 1949 (citing Twombly, supra, 550 U.S. at 556). This standard is not a

probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, supra, 129 S. Ct. at 1949.

In other words, a complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to relief. Id. When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." Id. (citing Fed. R. Civ. P. 8(a)(2)) (quotations omitted)(brackets omitted).

## ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT AGAINST DOC DEFENDANTS MUST BE DISMISSED BECAUSE STATE EMPLOYEES IN THEIR OFFICIAL CAPACITIES ARE NOT "PERSONS" AMENDABLE TO SUIT UNDER 42 U.S.C. §1983 AND PLAINTIFF'S STATE LAW AND 42 U.S.C. §1983 CLAIMS AGAINST THESE DEFENDANTS ARE BARRED BY THE 11TH AMENDMENT.**

Plaintiffs have filed suit against DOC Defendants under 42 U.S.C. §1983 asserting federal claims and under State law asserting various State causes of action. The Fourth Amended Complaint must be dismissed because Plaintiff's claims are barred by the Eleventh

Amendment, and DOC Defendants in their official capacities are not "persons" amenable to suit under 42 U.S.C. § 1983.

**A.  Plaintiff's Complaint Against DOC Defendants Is Barred by the Eleventh Amendment.**

Pursuant to the Eleventh Amendment to the United States Constitution, this court lacks the subject matter jurisdiction to hear these claims against DOC Defendants. The Eleventh Amendment bars a damages action against a state in federal court. The Eleventh Amendment provides:

> the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another States, or by citizens or subjects of any foreign state.

Thus, the grant of federal judicial authority in Article III of the Constitution is limited by this notion of sovereign immunity.

> That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given[.]
>
> Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984).

"[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the

state treasury is barred by the Eleventh Amendment." Quern v. Jordan, 440 U.S. 332 (1979), citing Edelman v. Jordan, 415 U.S. 651 (1974).

The immunity from suit extends to "agencies or Departments" of the state as well. Id. at 101-102; Alabama v. Pugh, 438 U.S. 781 (1978). The state is considered the real party in interest in two circumstances -- whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" College Savings Bank v. United States of America, 948 F. Supp. 400, 409 (D.N.J. 1996) (quoting Pennhurst, supra, 465 U.S. at 101 n. 11). A state's sovereign immunity can be invoked even where the suit is against a state agency, official or employee. Brady v. Michelin Reifenwerke, 613 F. Supp. 1076, 1080 (D. Miss. 1985).

The Eleventh Amendment prohibition of lawsuits for damages against the State in federal court also applies when a state official is sued for damages in his or her official capacity. Kentucky v. Graham, 473 U.S. 159 (1985); McClary v. O'Hare, 786 F.2d 83 (2d Cir. 1986); Miller v. Rutgers, 619 F. Supp. 1386 (D.N.J. 1985). While prospective relief may be sought against state officials acting in their official capacity, a monetary award indistinguishable from one against the state itself is prohibited

by the Eleventh Amendment even when a suit is filed against nominal state officials.  Miller, supra, 619 F. Supp. at 1392-93.

A state may waive its Eleventh Amendment immunity and consent to suit in federal court, but such consent must "be unequivocally expressed." Pennhurst, supra, 465 U.S. at 99.  The Supreme Court has consistently held that a waiver by a State of its sovereign immunity in its own courts does not constitute a waiver of the Eleventh Amendment immunity in the federal courts.  Pennhurst, supra at n.9; Florida Dept. of Health v. Florida Nursing Home Assoc., 450 U.S. 147, 150 (1981).  Absent an explicit waiver of Eleventh Amendment immunity, a state may not be sued in the federal courts.  Edelman, supra, 415 U.S. at 673.

The State of New Jersey has never waived its sovereign immunity in the federal courts.  The passage by the New Jersey Legislature of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., re-established the doctrine of sovereign immunity unless liability was specifically provided for under the Act.  As noted by the Court of Appeals for the Third Circuit, although a State statute may waive sovereign immunity in the State's own courts, such a statute does not necessarily operate to waive the State's Eleventh Amendment immunity.  Skehan v. Board of Trustees of Bloomsburg State College, 590 F.2d 470, 487 (3rd Cir. 1978), cert. denied, 440 U.S. 832 (1979).  Indeed, it has been determined that

9

the State of New Jersey has not, by enacting the New Jersey Tort Claims Act, waived its Eleventh Amendment immunity. <u>In re Kahr Brothers, Inc.</u>, 5 <u>B.R.</u> 765 (D.N.J. 1980).

Accordingly, Plaintiff's federal and state claims must be dismissed against DOC Defendants in their official capacities.

**B. Defendants in Their Official Capacities Are Not "Persons" Amenable to Suit under 42 <u>U.S.C.</u> §1983 and Therefore Plaintiff's Complaint must Be Dismissed.**

42 <u>U.S.C.</u> § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A defendant, to be liable within the meaning of the statute, must be a "person." The Supreme Court held in <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989), that a State, or an official of the State while acting in his or her official capacity, is not a "person" within the meaning of § 1983.

The Court in <u>Will</u> also relied on the finding that, in enacting §1983, Congress did not intend to override well-established common law immunities or defenses -- specifically that of a state not to be sued without its consent. <u>Id.</u> at 71. While §1983 is a remedy

for an official violation of federal rights, it "does not suggest that the State itself was a person that Congress intended to be subject to liability." Id. at 68.

Here, DOC Defendants in their official capacities are not "persons" for purposes of §1983 and have not consented to suit. Therefore, the Plaintiff's Fourth Amended Complaint against DOC Defendants in their official capacities must be dismissed.

### POINT II

### PLAINTIFF'S 42 U.S.C. §1983 CLAIMS AGAINST DOC DEFENDANTS ARE BASED UPON AN IMPERMISSIBLE OF RESPONDEAT SUPERIOR AND MUST BE DISMISSED.

Plaintiff's 42 U.S.C. §1983 claims against DOC Defendants must be dismissed because they are solely based on an impermissible theory of respondeat superior.  Supervisory liability under §1983 cannot be predicated solely upon a theory of respondeat superior. Jimenez v. New Jersey, 245 F. Supp. 2d 584, 586 n. 3 (D.N.J. 2003) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)).

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.
>
> [Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).]

"Actual knowledge and acquiescence" suffice for supervisory liability because it can be equated with "personal direction." Rode, supra. Furthermore, while knowledge can be inferred from circumstances, Baker v. Monroe Twp., 50 F.3d 1186, 1194 (3d Cir. 1995), it nevertheless must be actual knowledge. Id. at 1201 n. 6 (Alito, C.J. concurring and dissenting).

A plaintiff "must portray specific conduct by state officials which violates some constitutional right". Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970); see also Rasmussen v. Larson, 863 F.2d 603 (8th Cir. 1988)(holding §1983 liability would not be held against supervisory officers absent a showing of personal and direct involvement in the alleged constitutional violation).

Supervisory Liability "may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or if the supervisor's actions and inactions were 'the moving force' behind the harm suffered by the plaintiff." Jackson v. Taylor, No. 05-823, 2006 U.S. Dist. LEXIS 57024, at *8 (D. Del. May 12, 2006) (citing Sample v. Diecks, 885 F.2d 1099, 1117-18 (3d Cir. 1989)); see also City of Canton v. Harris, 489 U.S. 378 (1989).

Here, the Plaintiff's Fourth Amended Complaint fails to allege facts to support a claim for supervisory liability against DOC Defendants. Plaintiffs have filed suit against Administrator

12

Balicki as a "chief supervisory official and executive" of South Woods State Prison; Director Paterson as the "chief supervisory official and executive" of the Department of Corrections; and Marie Dunlap-Pryce as a "chief supervisory official and executive" of Central Reception & Assignment Facility.  The Plaintiff's Fourth Amended Complaint, ¶¶2-4.  Plaintiffs refer to DOC Defendants throughout the Fourth Amended Complaint as the "Supervisor Defendants."  See Plaintiff's Fourth Amended Complaint.

Plaintiff's Fourth Amended Complaint fails to allege any facts to support a claim of supervisory liability on the part of DOC Defendants.  The Fourth Amended Complaint is devoid of any facts to support a finding that the DOC Defendants "implemented deficient policies and w[ere] deliberately indifferent to the resulting risk or [their] actions and inactions were 'the moving force' behind the harm suffered by the plaintiff."  The Fourth Amended Complaint alleges, in general without specific facts, that the DOC Defendants "knew or should have known" Mullin's transfer to the Department of Corrections' facilities and his drug use, history of suicide attempts, emotional problems.  Id. at ¶63.  Further, Plaintiffs failed to specify which policy and procedure the DOC Defendants did not follow and/or implement.  Id. at ¶¶64, 66.  Also, Plaintiffs allege that DOC Defendants failed to obtain and/or review Mullin's transfer records.  The Plaintiff's Fourth Amended Complaint falls

severely short of setting forth a supervisory liability claim against the DOC Defendants.  The facts against the DOC Defendants do not even raise a possibility of liability, much less the plausibility that is required to survive a motion to dismiss.

Accordingly, the DOC Defendants are entitled to dismissal of the Plaintiff's 42 U.S.C. §1983 claims.

**POINT III**

**PURSUANT TO THE NEW JERSEY TORT CLAIMS ACT, DOC DEFENDANTS ARE IMMUNE FROM LIABILITY ON PLAINTIFF'S STATE LAW CLAIMS AND ENTITLED TO DISMISSAL OF THOSE CLAIMS.**

The New Jersey Tort Claims Act provides, in pertinent part, that public employees are immune for failing to perform a mental health assessment, failing to diagnose a mental condition, and for any decision to confine a person for mental illness.  N.J.S.A. 59:6-4, 6-5, 6-6.  Here, these immunities shield DOC Defendants from liability.

If a claimant does not file a Notice of Claim within 90 days after the accrual of the cause of action, then the claimant is barred from recovering against a public entity employee.  N.J.S.A. 59:8-8.  N.J.S.A. 59:8-9 allows the filing of a late Notice of Claim if the claimant applies to a judge of the Superior Court for permission to file the Notice of Claim within one year after the accrual of his claim, provided that the public entity or the public

employee has not been substantially prejudiced by the delay and the claimant has demonstrated to the judge that the failure to serve the Notice of Claim within ninety days was due to extraordinary circumstances.  The filing of a Notice of Claim outside the ninety day period without leave of court is a nullity.  Priore v. State, 190 N.J. Super. 127, 130 (App. Div. 1983).  Beyond the one year period provided under N.J.S.A. 59:8-9 for a late Notice of Claim, the court lacks the jurisdiction to permit late service. Feinberg v. State, 265 N.J. Super. 218, 219 (App. Div. 1993), rev'd. o.g., 137 N.J. 126 (1994); Iaconianni v. N.J. Turnpike Authority, 236 N.J. Super. 294, 298 (App. Div. 1989), cert. den. 121 N.J. 592 (1990).

Within the power to grant or deny a late notice of tort claim is the authority to analyze the viability of the underlying cause of action to prevent frivolous claims from proceeding to the complaint stage against a public entity or public employee. See, Tryanowski v Lodi Bd. of Ed., 274 N.J. Super. 265, 268-69 (Law Div. 1994).  In this case, even if the Court could grant a late notice of claim, the nature of Plaintiff's claims in light of the immunities to which the DOC Defendants are entitled and the failure to state a claim against the DOC Defendants upon which relief could be granted would dictate against permitting late notice.

15

The Tort Claim Act immunities "are absolute and any ambiguities or close calls in their application must be resolved in favor of immunity, not liability." Dawkins v. County of Union, 2010 U.S. Dist. LEXIS 58368, (D.N.J. June 11, 2010) (citing Charpentier v. Godsil, 937 F.2d 859, 865 (3d Cir. 1991). "New Jersey law also immunizes law enforcement officers from civil or criminal liability arising out of the custody, detention, or transportation of an individual for the purpose of mental health assessment or treatment, as long as the officers took 'reasonable steps' and acted in good faith." Id. (citing N.J.S.A. 30:4-27.7).

Accordingly, the DOC Defendants are entitled to Tort Claim Act immunities from liability in this matter, and the Plaintiff's State law claims should be dismissed with prejudice, on that basis.

CONCLUSION

Based on the foregoing, the Motion to Dismiss on behalf of the Defendants, Karen Balicki, Robert Paterson, Marie Dunlap-Pryce, Nicholas Dimler and Beatrice Teel, should be granted and Plaintiff's Fourth Amended Complaint should be dismissed with prejudice.

Respectfully submitted,
ATTORNEY GENERAL OF NEW JERSEY

By:   s/ Randy Miller
Randy Miller
Deputy Attorney General

DATED: June 6, 2013