UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE
ESTATE OF ROBERT MULLIN, deceased,
and JOAN MULLIN, individually,

     Plaintiffs,

     v.

ADMINISTRATOR KAREN BALICKI, et
al.,

     Defendants.

CIVIL ACTION NO. 11-247 (MLC)

**O R D E R**

     **THE COURT**, in an order dated November 1, 2013 ("11-1-13 Order"), granted the motion to dismiss by Defendants Administrator Karen Balicki, Director Robert Patterson, Director Marie Dunlap-Price, Officer Dimler, and Beatrice Teel, R.N., and granted in part and denied in part the motion for judgment on the pleadings by Defendant Jane Byrd, L.P.N. ("Nurse Byrd"). (Dkt. entry no. 154, 11-1-13 Order.)  The plaintiffs have moved (1) for reconsideration of the 11-1-13 Order insofar as it dismissed the claims asserted against Officer Dimler and to reinstate those claims; and (2) for reconsideration of the 11-1-13 Order insofar as it dismissed the claims under the New Jersey Tort Claims Act as to Nurse Byrd and to reinstate those claims. (See dkt. entry no. 160, Pls.' First Mot. for Reconsideration ("First Motion for Reconsideration"); dkt. entry no. 161, Pls.'

Br. in Support of First Mot. for Reconsideration at 1.)  After that First Motion for Reconsideration was returnable, the plaintiffs' counsel filed a letter with this Court on March 4, 2014 stating that the plaintiffs' counsel had misplaced a disk of discovery materials, which included "documents [that] establish unqualified and substantial liability on the part of the employees of the Department of Corrections, including officers not named in the complaint."  (See dkt. entry no. 182, 3-4-14 Strangler Letter.)

**THE PLAINTIFFS** seek to reopen the First Motion for Reconsideration "to provide additional evidence in support of the claims against Officer Dimler sufficient to show that the pleadings establish a plausible claim of relief."  (Id.)  The plaintiffs also seek "permission from the Magistrate [sic] to file a new motion to amend the complaint to name new parties." (Id.)

**THE COURT HAS** the inherent power to control the docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991).  It appears that the First Motion for Reconsideration should be decided based upon a full record and that the First Motion for Reconsideration should be decided prior to the Magistrate Judge's consideration of a motion to amend the complaint.

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this      31st       day of March, 2014 **ORDERED** that the plaintiffs' First Motion for Reconsideration of certain portions of the Order dated November 1, 2013 (dkt. entry no. 160) is **DENIED WITHOUT PREJUDICE;** and it is further

**ORDERED** that the plaintiffs are **GRANTED LEAVE** to move again before this Court for reconsideration of parts of the Order dated November 1, 2013, while presenting "evidence [that was] not previously available [that] has become available" in the First Motion for Reconsideration, <u>see Database Am., Inc. v.</u> <u>Bellsouth Advertising & Pub. Corp.,</u> 825 F.Supp. 1216, 1220 (D.N.J. 1993), as well as separate briefs and exhibits in support thereof, before this District Court Judge **BY APRIL 24, 2014,** and in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules; and it is further

**ORDERED** that the plaintiffs are **GRANTED LEAVE** to file a separate notice of motion concerning leave to assert new claims and parties, as well as separate briefs and exhibits in support thereof, before the Magistrate Judge **AFTER THE SEPARATELY-FILED IMPENDING MOTION FOR RECONSIDERATION HAS BEEN RESOLVED,** and in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

                              s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge