medical providers with respect to the evaluation, classification, care and management of plaintiff's decedent, in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the suicide, in their failure to prevent the suicide, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the occurrence, in their failure to monitor and supervise **MULLIN** and were negligent and careless in the failure to provide adequate medical attention and treatment, among other acts of negligence and omissions.

156.  Defendants, individually and collectively were negligent and careless in failing to properly discipline their staff, employees, agents and servants despite knowledge of their failure to take proper action to avoid the subject occurrence and similar occurrences and to prevent those in plaintiff's decedent's position from harming themselves.

157.  The personal injuries, death and damages suffered by plaintiff's decedent were caused solely as a result of the negligence and carelessness of the defendants, individually and collectively.

158.  By reason of the foregoing, and as a direct and proximate result of defendants' negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

159.  The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

160.  As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

161.  As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society,

care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

162. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

163. By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

164. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

165. **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., OFFICER NICHOLAS DIMLER, in his personal and individual capacity, OFFICER ROBERT RUSSO, in his personal and individual capacity, CHIEF RALPH YANSEK, in his personal and individual capacity, LT. DUDICH, in his personal and individual capacity, SGT. B. STERN, in his personal and individual capacity, SGT. THOMAS SPENCE, in his personal and individual capacity, OFFICER ERIC LARGE, in his personal and individual capacity, KINTOCK GROUP, JOHN DOES 8-10** (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their individual and professional capacities, and **ABC ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or

33

subdivisions, jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FOURTH COUNT
(emotional distress)

166. Plaintiffs repeat and reallege each and every allegation contained in the aforedescribed paragraphs and incorporates same by reference.

167. During the period he remained in their custody and care, the defendants individually and collectively, through their agents, servants and employees, engaged in actions intended to inflict severe emotional trauma upon plaintiff's decedent **MULLIN.**

168. By reason of the deliberate indifference and reckless disregard for the rights of **MULLIN,** and of the deprivation of constitutional rights as aforedescribed, including the intentional failure to follow policies and procedures, the failure to provide adequate medical and mental health care and treatment, the failure to supervise and monitor, the failure to train, **MULLIN** was subjected to intentional infliction of emotional distress.

169. The emotional distress was severe and outrageous.

170. The emotional distress was of such character that no reasonable person could be expected to endure it.

171. In particular, the emotional distress aggravated and exacerbated decedent **MULLIN'S** previously diagnosed psychiatric conditions which increased the likelihood and foreseeability of self-inflicted harm, including suicide.

172. In addition or in the alternative, plaintiff's decedent suffered emotional harm due to the negligence and carelessness of the defendants.

173. By reason of the aforesaid intentional and negligent infliction of mental distress, plaintiff's decedent **MULLIN** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, all to his damage.

174. By reason of the foregoing infliction of mental distress, both intentional and negligent, plaintiff's decedent **MULLIN** has been damaged.

175. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

176. As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

177. As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

178. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

179. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

180. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

181. **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI,**

35

**DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., OFFICER NICHOLAS DIMLER**, in his personal and individual capacity, **OFFICER ROBERT RUSSO**, in his personal and individual capacity, **CHIEF RALPH YANSEK**, in his personal and individual capacity, **LT. DUDICH**, in his personal and individual capacity, **SGT. B. STERN**, in his personal and individual capacity, **SGT. THOMAS SPENCE**, in his personal and individual capacity, **OFFICER ERIC LARGE**, in his personal and individual capacity, **KINTOCK GROUP, JOHN DOES 8-10** (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their individual and professional capacities, and **ABC ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FIFTH COUNT
(abuse of process and authority)

182. Plaintiffs repeat and reallege each and every allegation contained in the aforedescribed paragraphs and incorporates same by reference.

183. The defendants' each individual and collective wrongful and unlawful acts constitute abuse of process and authority.

184. By reason of the foregoing, and as a direct and proximate result of defendants' abuse of process, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulting in his death.

185. By reason of the foregoing abuse of process and wrongful death of plaintiff's

36

decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

186. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

187. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

188. As a direct and proximate result of the abuse of process, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

189. As a direct and proximate result of the abuse of process and authority as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

190. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

191. **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., OFFICER NICHOLAS DIMLER, in his personal and individual capacity, OFFICER ROBERT RUSSO, in his personal and individual capacity, CHIEF RALPH YANSEK, in his personal and individual capacity, LT. DUDICH, in his personal and individual capacity, SGT. B. STERN, in his personal and individual capacity, SGT. THOMAS SPENCE, in his personal and individual capacity,**

37

**OFFICER ERIC LARGE, in his personal and individual capacity, KINTOCK GROUP, JOHN DOES 8-10** (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their individual and professional capacities, and **ABC ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

**SIXTH COUNT**
(malpractice)

192. Plaintiffs repeat and reallege each and every allegation contained in the aforedescribed paragraphs and incorporate same by reference.

193. At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat any medical conditions suffered by plaintiff's decedent, including mental health, emotional, psychological and psychiatric care and treatment, and were under a duty to do so.

194. At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat plaintiff's decedent **MULLIN.**

195. At all relevant times herein defendants, individually and collectively, and in particular defendants **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N.L, R.N.** held themselves out to plaintiff's decedent as facilities/persons able to and furnishing medical treatment and medical care.

196. At all relevant times herein defendants individually and collectively, and in particular defendants **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N.,** owed a duty to the plaintiff's decedent and to others likewise situated to use reasonably prudent and non-negligent medical care.

197. Between January 15, 2009 and January 17, 2009 plaintiff's decedent came under the care of the medical staff, infirmary, agents, servants and employees and/or contractors of the defendants.

198. At all relevant times herein defendants held themselves out as maintaining adequate and competent agents, servants and employees and further warranted and represented that their agents, servants and/or employees were qualified and trained to provide proper medical care and treatment as required and further warranted and represented themselves as being equipped in sufficient manner to render such proper care and treatment, including care and treatment involving mental health, emotional stability, psychological and psychiatric care.

199. The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of plaintiff's decedent, failed to exercise that degree of care to be exercised by a hospital and medical staff in similar circumstances and were negligent and careless in the care and treatment of plaintiff's decedent **MULLIN.**

200. The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of **MULLIN,** failed to exercise that degree of care to be expected by a hospital, nurses, and medical providers in correctional facilities in similar circumstances and were negligent and careless in the care and treatment of **MULLIN.**

201. The defendants, individually and collectively, their agents, servants, employees and contractors were negligent and careless in failing to hire, train and supervise adequate staff, in failing to recognize various signs symptoms, indications and manifestations of medical and psychological problems in **MULLIN,** in failing to maintain adequate and proper protocols and standards for the handling of persons in the condition of **MULLIN**, in failing to maintain proper record keeping protocol; in failing to properly diagnosis **MULLIN'S** condition and failing to

39

provide adequate care, failing to appreciate the likelihood that **MULLIN** could or would inflict harm to himself, failed to provide proper counseling and guidance, failing to properly evaluate his mental state so as to avoid the occurrence, and in otherwise failing and omitting to maintain that degree of care and treatment for sick patients that a prudent hospital and prudent doctors, interns, nurses, attendant and other medical providers would have maintained under like circumstances and like conditions.

202. By reason of the aforesaid medical and nursing malpractice, plaintiff's decedent was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain, was prevented from engaging in his usual activities and committed suicide.

203. By reason of the foregoing, and as a direct and proximate result of defendants' medical negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

204. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

205. As a direct and proximate result of the medical negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

206. As a direct and proximate result of the medical negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

207. By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

208. By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

209. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

210. **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN individually,** demands judgment against defendants, **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N. JOHN DOES 9-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## COUNT SIX
### (CIVIL CONSPIRACY)

211. **PLAINTIFF** repeats and realleges each and every allegation contained in the aforedescribed paragraphs and incorporates same by reference.

212. **DEFENDANTS CHIEF YANSEK, LT. DUDICH, SGT. STERN, SGT. THOMAS, OFFICER DIMLER, OFFICER RUSSO** and **OFFICER LARGE** did conspire, act in concert together, and agree among themselves, to cause injury and damage to and commit unlawful acts against **MULLIN**, namely: to ignore plaintiff's pleas and requests for mental health treatment; pleas that he was going to commit suicide or inflict self-harm, to cover up the notice and complaints to any of the defendants of these requests and pleas for help, to fail to properly document in log books the complaints and pleas of plaintiff, to humiliate and punish plaintiff, abuse their authority and abuse process against **MULLIN,** and to injure, damage, intentionally cause emotional distress to, **MULLIN.**

41

213. Each of the **DEFENDANTS** understood the objectives of the conspiracy scheme and accepted them, and agreed, implicitly or explicitly, to each do his part to further them.

214. By reason of the foregoing, and as a direct and proximate result of the conspiracy **MULLIN** suffered damages.

215. By reason of the aforesaid conspiracy, plaintiff's decedent was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain, was prevented from engaging in his usual activities and committed suicide.

216. By reason of the foregoing, and as a direct and proximate result of defendants' conspiracy as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

217. The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

218. As a direct and proximate result of the conspiracy as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

219. As a direct and proximate result of the conspiracy as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

220. By reason of the foregoing conspiracy and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

42

221. By reason of the foregoing conspiracy and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

222. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

223. **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., OFFICER NICHOLAS DIMLER, in his personal and individual capacity, OFFICER ROBERT RUSSO, in his personal and individual capacity, CHIEF RALPH YANSEK, in his personal and individual capacity, LT. DUDICH, in his personal and individual capacity, SGT. B. STERN, in his personal and individual capacity, SGT. THOMAS SPENCE, in his personal and individual capacity, OFFICER ERIC LARGE, in his personal and individual capacity, KINTOCK GROUP, JOHN DOES 8-10** (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their individual and professional capacities, and **ABC ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

SHELLEY L. STANGLER, P.C.
**Attorney for Plaintiffs**

43

Dated: BY: _____
SHELLEY L. STANGLER, ESQ.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

Dated: BY: _____
SHELLEY L. STANGLER, ESQ.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, **SHELLEY L. STANGLER, ESQ.** is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

Dated BY: _____
SHELLEY L. STANGLER, ESQ.

## **CERTIFICATION**

SHELLEY L. STANGLER, ESQ., of full age, certifies:

1. SHELLEY L. STANGLER, P.C. has been retained to represent plaintiffs, **JOAN MULLIN, as Administratrix of the Estate of ROBERT MULLIN, JR, and JOAN MULLIN individually** in connection with the within matter. I am the attorney in charge of the case.

2. The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3. There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
**SHELLEY L. STANGLER, ESQ.**

DATED: