UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ADMINISTRATOR KAREN BALICKI, et als.<br><br>Defendants. | CIVIL ACTION<br><br>Civ. No. 3:11-cv-00247 (MLS-LHG)<br><br>Return Date: September 15, 2014 |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO AMEND THE COMPLAINT

### REDACTED VERSION

On the Brief:
   Shelley L. Stangler, Esq.

SHELLEY L. STANGLER, PC
ATTORNEY FOR PLAINTIFF
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NEW JERSEY 07081
PHONE (973) 379-2500
FACSIMILE: (973) 379-0031

## TABLE OF CONTENTS

THIS TABLE OF CONTENTS AND AUTHORITIES ARE SUBMITTED WITH A REDACTED BRIEF. THE PAGES AND REFERENCES HEREIN MATCH THE UNREDACTED BRIEF SUBMITTED UNDER SEAL

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT.............................................................................1

PERTINIENT FACTS.............................................................................................3

RELEVANT PROCEDURAL HISTORY................................................................9

LEGAL ARGUMENT

    POINT I

    THE AMENDMENT MEETS THE PLEADING
    STANDARDS AND SHOULD BE PERMITTED.............................................13

    POINT II

    PLAINTIFF SHOULD BE PERMITTED TO AMEND
    THE COMPLAINT BASED ON NEW INFORMATION
    PROVIDED TO THE COURT......................................................................17

        A. The issue of diligence, bad faith and
           unjustified delay in the context of this case. ..................................18

        B. There is no prejudice to the defendants in granting
           the Amendment ...............................................................................20

        C. The Amendment should be granted to permit
           the case to be resolved on its merits..................................................21

    POINT III

    THE AMENDMENT RELATES BACK TO THE
    FILING OF THE COMPLAINT......................................................................23

        A. The state's fictitious defendant impleader
           Rules apply to permit the amendment..............................................23

        B. The amendment relates back to the filing of

The original complaint..................................................................................24

POINT IV

DISMISSAL OR SUMMARY JUDGMENT DOES
NOT OPERATE TO PRECLUDE AMENDMENT
OF THE COMPLAINT.................................................................................28

CONCLUSION..............................................................................................29

# **TABLE OF AUTHORITIES**

Cases

Adams v. Gould Inc.
  739 F.2d 858,868 (3d Cir. 1984)....................................................22,23,28,29

Angelastro v. Prudential-Bache Sec., Inc.,
  764 F.2d 939 (3d Cir. 1985)...............................................................14

Argueta v. United States Immigration,
  643 F.3d 60 (3d Cir. 2011)................................................................16

Arthur v. Maersk, Inc.
  434F. 3d 196 (3d Cir. 2006)....................................................21,22, 25, 27

Ashcroft v. Iqbal,
  556 U.S. 662(2009).......................................................................2,14

Bailey v. Sullivan,
  885 F.2d 52 (3d Cir. 1989).................................................................18

Bell Atlantic Corp v. Twombly,
  550 U.S. 554 (2007)................................................................14, 15,16

Billero v. Wachovia Mtg.,
  2010 WL 5168949 (D.N.J. 12/14/10-unpublished, copy annexed).........................28

Boileou v Bethlehem Steel Corp.,
  730 F. 2d 429 (3d Cir. 184), *cert den.*, 469 U.S. 871 (1984)...........................17, 23

Boykins v. Ambridge Area School District,
  621 F.2d 75 (3d Cir. 1980).................................................................16

Brown v. Kennedy Memorial Hospital,
  312 N.J. Super. 579 (App. Div. 1998)......................................................24

Colburn v. Upper Darby Twp.,(Colburn II)
  946 F. 2d 1017 (3d Cir. 1991).............................................................15,16

Colburn v. Upper Darby Twp., (Colburn I)
  838 F. 2d 663 (3d Cir 1988), *cert den.*, 489 U.S. 1065 (1989),
  *overruled on oth. grnds by*
  Leatherman v. Tarrant County Narcotics & Intelligence Unit,
  507 U. S. 163 1993)......................................................................15,17

Cooper v. Shumway,
    780 F.2d 27, 29 (10th Cir. 1985)……………………………………………………….28

Derienzo v. Harvard Industries, Inc.,
    357 F.3d 348 (3d Cir. 2004)……………………………………………………….....23,24

Evancho v. Fisher,
    423 F. 3d 347 (3d Cir. 2005)……………………………………………………….....16

Farrell v. Votator Div. of Chemetron Corp.,
    62 N.J. 111 (1973)……………………………………………………………….….23,24

Forman v. Davis,
    371 U.S. 178 (1962)……………………………………………………..11,19,21,22,23,28

Fowler v. UPMC Shadyside,
    578 F.3d 203 (3d Cir. 2009)………………………………………………………….14,15

Glassmand v. Computer Vision Corp.,
    90 F.3d 617, 623 (3d Cir. 1990)……………………………………………………….28

Grayson v. Mayview State Hosp.,
    293 F.3d 103 (3d Cir. 2002)……………………………………………..…………..17

Hatzel & Buehler, Inc. v. Southern Systems,
    1988 WL 101255 (D.N.J. 1988-unpublished -copy annexed)…………….....……….29

In Re Burlington Coat Factory Securities Litigation,
    114 F.3d 1410 (3d Cir. 1977)……………………………………………....……….18, 28

Jordan v. Fox, Rothschild, O'Brien & Frankel,
    20 F.3d 1250 (3d Cir. 1994)………………………………………………....………..15

Kost v. Kozakiewicz,
    1 F.3d 176 (3d Cir. 1993)……………………………………………………..……...15

Kolitch v. Lindeahl
    100 N.J. 485 (1985)………………………………………………………....………..16

Krupski v. Costa Crocieres,
    130 S. Ct. 2385 (2010)……………………………………………………………...25

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,
    507 U.S. 163 (1993)…………………………………………………………...…..16,17

Longo v. Santoro,
    195 N.J. Super. 507 (1984)..................................................................16

Lorenz v. CSX Corp.
    1 F.3d 1406 (3d Cir. 1993)..................................................................21

Lucas v. Morgan
    2011 WL 1790114 D. Del. May 9, 2011)..................................................17

Matynska v. Fried,
    175 N.J. 51 (2002)...........................................................................24

Mears v. Sandoz Pharmaceuticals,
    300 N.J. Super. 622 App. Div. 1997)......................................................24

M.G. v. Crisfield,
    547 F. Supp. 2d 399 (D.N.J. 2008)........................................................15

O'Dell v. United States Gov't,
    256 Fed. Appx. 444 (3d Cir. 2007)........................................................17

O'Keefe v. Snyder,
    83 N.J. 478 (1980)...........................................................................24

Phillips v. County of Allegheny,
    515 F.3d 224 (3d Cir. 2008)..........................................................14,15

Simmons v. City of Philadelphia.,
    947 F.2d 1042 (3d Cir. 1991)...............................................................15

Singletary v. Pennsylvania Department of Corrections,
    266 F.3d 180 (3d Cir. 2001).................................................................26

Shane v. Fauver,
    213 F. 3d 113 (3d Cir. 2000)................................................................17

State Trading Corp. v. Assuranceforeningen Skuld,
    921 F.2d 409, 417-418 (2d Cir. 1990)....................................................28

Stegmeier v. St. Elizabeth Hospital,
    239 N.J. Super. 475 (App. Div. 1990)....................................................24

Stoneking v. Bradford Area School Dist.,
    882 F.2d 720 (3d Cir. 1989).................................................................16

Twohy v. First Nat'l Bank of Chicago,
    758 F.2d 1185, 1196 (7th Cir. 1985)..........................................................................28

Varlack v. DWL Carribean Inc.,
    550 F.2d 171 (3rd Cir. 1977)................................................................................25, 26

Viviano v. CBS,
    101 N.J. 538 (1986)...................................................................................................24

Wilson v. City of Atlantic City,
    142 F.R.D. 603 (D.N.J. 1992).....................................................................................23

Wilson v. Garcia,
471 U.S. 261 (1985).........................................................................................................24

Zenith Radio Corp. v. Hazeltine Research,
    401 U.S. 321 (1971)...................................................................................................18

Statutes

F.R.C.P. 15(a)...........................................................................................................16,21,13

F.R.C.P. 15(c)..................................................................................................................1,25

F.R.C.P. 12(b)(6)................................................................................................................14

N.J. Civ. Rule 4:26-4.........................................................................................................23


Other Sources

Federal Rules Handbook, 199, Baiclar, McKee, Janssen, Corr,
    West Publishing Group at p. 304................................................................................24

## **PRELIMINARY STATEMENT**

Plaintiff seeks to amend the Second Amended Complaint[1] upon permission granted by the District Court by Order dated July 25, 2014, docket entry no. 204 and Opinion dated July 25, 2014, docket entry no. 203. In granting permission to file this motion, the Hon. Mary L. Cooper had denied plaintiff's motion to reconsider the dismissal of all claims other than one (1) claim as to Nurse Byrd. The Court found that the Complaint under review continued to lack the specificity required and that "what plaintiffs truly seek to do is to amend the Second Amended Complaint." The law permits amendment of a complaint upon dismissal or summary judgment where the amendments are not brought in bad faith, are not the product of undue delay, there is no prejudice and the amendment is not futile. Further, the requirements of F.R.C.P. 15 (c) must be met.

Judge Cooper did provide some guidance, and thought it appropriate for plaintiff to distinguish between discovery, or evidence obtained in July 17, 2013, which was available prior to the Court's decision of November 1, 2013, and discovery located and known to plaintiff in February 2014 of which counsel promptly advised the Court (Opinion, p. 11). The Court noted that the Magistrate Judge could, in her discretion, distinguish between the discovery for purposes of this motion.

Insofar as the policies and procedures produced in the July 2013 discovery could not be put into context until the February 2014 discovery was obtained, which establishes that plaintiff was classified as a Mental Health Special Needs Inmate, and because plaintiff counsel did not act

---

[1] The permutations in the identification of four (4) previously filed complaints have been noted in footnote 1 to plaintiff's Brief in Opposition to the States' motion to Dismiss, docket entry no. 147. The Court notes that the Fourth Amended Complaint which was the subject of the motion was improperly designated and is to be referred to as the Second Amended Complaint, docket entry No. 102. Any new amended complaint would be designated a Third Amended Complaint accordingly.