to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." Twombly, *Supra.*, at 570.

The pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Plaintiff has pled specific and detailed facts to support the legal elements of the various claims alleged. Twombly, *Supra.,* M.G. v. Crisfield, 547 F.Supp.2d 399 (D.N.J. 2008).

Plaintiff is not required to provide the type of factual data developed during discovery or presented at a motion for summary judgment. Rather, plaintiff must set forth the circumstances which, if proved true, would establish a plausible claim. Plaintiff must set forth factual assertions of personal involvement or wrongdoing which led to the deprivation of a constitution right, which she has.

All of the individually named defendants were responsible for the care and safety of Mullin. They specifically participated in the lack of supervision which led to the suicide. The 14th amendment applies to cases involving a reckless indifference to the needs of an inmate vulnerable to suicide. Colburn v. Upper Darby Twp., 946 F.2d 1017 (3d Cir. 1991) (Colburn II), citing Colburn v. Upper Darby Twp, 838 F. 2d 663 (3d Cir. 1988) (Colburn I); Simmons v. City of Philadelphia, 947 F.2d 1042 (3d Cir. 1991).

Plaintiff will now be able to establish on the pleadings that (1) the detainee had a 'particular vulnerability to suicide,' (2) the custodial officer knew or should have known of that vulnerability and (3) the custodial officer acted with 'reckless indifference' to the detainee's particular vulnerability. Colburn II, 946 F.2d at 1023 (Opinion, pp. 23-24).

Ignoring set policy requiring **REDACTED.** meets the requirements at the pleading stage for reckless indifference as well as the failure to comply with ministerial duties under the New Jersey Tort Claims Act. N.J.S.A. 59:3-2; <u>Kolitch v. Lindedahl</u>, 100 N.J. 485 (1985); <u>Longo v. Santoro</u>, 195 NJ. Super. 507 (App. Div. 1984).

It is not for the Court to determine whether plaintiff will prevail.  The question is whether the pleadings are sufficient to entitle plaintiff to proceed with discovery and to offer evidence to support the claims. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  All factual allegations are to be accepted as true.

Plaintiff has properly pled individual liability and the case should proceed against these defendants in their individual capacities. <u>Argueta v. United States Immigration</u>, 643 F.3d 60 (3d Cir. 2011); <u>Evancho v. Fisher</u>, 423 F. 3d 347 (3d Cir. 2005); <u>Stoneking v. Bradford Area School Dist.</u>, 882 F.2d 720 (3d. Cr. 1989).

Further, the basic pleading  Rule 8(a) of the Federal rules of Civil Procedure still apply to require only a short and plain statement of the claim sufficient to show that the pleader is entitled to relief.  <u>Evancho v. Fisher</u>, 423 F. 3d 347 (3d Cir. 2005), citing <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163 (1993).   There is no heightened pleading requirement in a Section 1983 case.  <u>Evancho</u>, *Supra.*  In <u>Evancho</u>, the Third Circuit noted that a civil rights complaint is adequate where it states the conduct, time, place and persons responsible, citing <u>Boykins</u>, <u>Supra.</u>, with approval.

## POINT II

### PLAINTIFF SHOULD BE PERMITTED TO AMEND THE COMPLAINT BASED ON NEW INFORMATION PROVIDED TO THE COURT.

Leave to amend a complaint should be "freely given when justice to requires." F.R.C.P. 15(a). The court should use its discretion liberally in favor of the party seeking the amendment and should permit the amendment to prevent manifest injustice. Boileou v. Bethlehem Steel Corp., 730 F.2d 429 (3d Cir. 1984), *cert den.*, 469 U.S. 871, 83 L.Ed.2d 150, 105 S.Ct. 1221 (1984). Courts should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief, and should grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), Shane v. Fauver, 213 F.3d 113, 116-7 (3d Cir. 2000).

Leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption." O'Dell v. United States Gov't., 256 Fed. Appx. 444 (3d Cir. 20007). A plaintiff should be given an opportunity to amend his pleading where it appears "plausible that he may be able to articulate a claim against alternative defendants." Lucas v. Morgan, 2011 WL 1790114 (D. Del. May 9, 2011- unpublished, copy annexed). Failure to permit amendment of a complaint dismissed for want of specific allegations constitutes an abuse of discretion, unless the amendment would be insufficient to cure the deficiency in the original complaint. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1339, 103 L.Ed.2d 808 (1989), *overruled on other. grounds. by* Leatherman v. Tarrant County Narcotics & Intelligence Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (citations omitted).

The strong presumption in favor of the amendment is to be weighed against several factors which the court may consider, including prejudice to the opposing party, bad faith, unjustified delay or futility of the amendment.  See, Zenith Radio Corp. v. Hazeltime Research, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) (unexplainable and unjustified delay); In Re Burlington Coat Factory Securities Litigation, 114 F.3d 1410 (3d Cir. 1977) (dilatory tactics); Bailey v. Sullivan, 885 F.2d 52 (3d Cir. 1989) (no purpose served by a futile amendment).

A. **The issue of diligence, bad faith and unjustified delay in the context of this case.**

Almost three (3) years after the filing and service of the initial Complaint,  after two (2) prior motions to amend the complaint with several filings to dismiss and over two (2) years after defendants were required to meet their Rule 26 obligations, and **after the return date of the final motions to dismiss on July 1, 2013**, defendants served  discovery identifying decedent's housing unit.  They also served policies and procedures covering a variety of  issues including suicide management, mental health special needs inmate status, medical management, and requirements for supervision including **REDACTED.** This is the July 17, 2013 discovery. On April 13, 2013, defendants had served materials consisting of two (2) discs, one of which was reviewed and the other misfiled and not reviewed.   Once plaintiff became aware of the problem a search was conducted, the disc was located and reviewed in February 2014.   That discovery connected the dots in that plaintiff Mullin had been classified as a Mental Health Special Needs inmate.   Plaintiff immediately notified the Court on March 4, 2014 that this new material contained major evidence  showing that Mullin had requested mental health treatment but had been denied, after which he committed suicide.  Plaintiff was also now able to match up the July 2013 policies with the classification of Special Needs inmate to show which exact policies applied and were not met by defendants.

It is true that plaintiff did not immediately advise the Court of the July 2013 discovery during the pendency of the Motion to Dismiss the Complaint.  Plaintiff's failure to do so was not made in bad faith or for dilatory purpose.  The Magistrate who has been overseeing this matter would recognize that the last thing plaintiff counsel would want, based on all the conferences and the handling of this case, would be to delay the proceedings, avoid Court Orders or conduct herself in bad faith.   Plaintiff counsel believed in good faith that the July 2013 policies did support the claims in the complaint, and believed that exploration of those documents would await discovery.  Counsel, in the exercise of reasonable good faith, believed that after the two (2) amendments previously granted that the SAC was in good shape, was properly pled, and that extrinsic evidence was not necessary to buttress the complaint at that time.  Further, that the matter had been submitted on a return date and that asking the Court to reopen the motion would be rejected.  In hindsight, these considerations turned out to be wrong, but they were certainly not made in bad faith.  Further, the 3.5 month delay in addressing the documents on the Motion for Reconsideration does not give rise to any prejudice or undue delay considering the procedural posture of the case to date, and the holding of only one (1) deposition, of decedent's mother.

Plaintiff did not make the same mistake after learning of the problem of the Missing Disc.  There, the Court was notified immediately and the Motion for Reconsideration was reopened.

It is submitted that taken together, the new records overwhelmingly support a meritorious claim.  In her Opinion, Judge Cooper implied that a meritorious claim exists.  Yet the Court was concerned that evidence in plaintiff's possession was not brought to the Court's attention earlier.  However, those concerns, which are acknowledged, are not of such a contumacious nature or made with a total disregard of the Court process as to warrant an Order denying the amendment. Foman v. Davis, 83 S Ct. 227 (1982).

Assuming, *arguendo*, that this Court refuses to accept pleadings based on the July 2013 discovery, the Missing Disc discovery supplies information sufficient to establish the claims. The Missing Disc discovery includes the entire investigation of the subject incident, establishing that Mullin was housed in South 3 on detention, that he was designated a Mental Health Special Needs inmate, that Dimler failed to make his required rounds and checks, that the electronic record of the Special Needs status was part of Mullins' file, known to Nurse Byrd and all defendants, that Mullin **REDACTED.** The July 2013 policies confirm in detail the exact policies and procedures which were not followed. They should not be rejected as a basis for factual allegations and the Court should exercise its discretion accordingly.

**B.   There is no prejudice to the defendants in granting the amendment**.

There can be no legitimate claim of prejudice in the granting of this motion. Defendants Dimler and Byrd have been on notice of the claims for years. The theories against them have not changed. Their depositions have not been taken, nor has paper discovery been completed in this case. The state refuses to engage in further paper discovery pending the outcome of these motions.[2]

As set forth below, the new defendants, employees of the State, have given their statements during the investigation. They would be represented by the Attorney General who has been litigating this matter since its inception. Any review, evaluation or investigation into this litigation would have necessitated an interview or notice to the new defendants. They would know, that, but for the mistake in the discovery, that they would be named defendants in the case. They were not identified until April 13, 2013 and, as discussed, plaintiff was not aware of their existence until February 2014.

---

[2] Discovery remains outstanding. Counsel has requested prior suicide events and internal affairs files relating to the handling of suicides or other relevant discipline which has been denied as irrelevant, non-existtent, cannot be found or subject to privilege. In the event this case proceeds on the merits, such discovery will be pursued.

**C. The Amendment should be granted to permit the case to be resolved on its merits.**

The liberal rules regarding amendments are designed to permit cases to be resolved on their merits. Inadvertent errors in pleading should not preclude a party from securing relief on the merits of the claim. <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196 (3d Cir. 2006), citing <u>Foman v. Davis,</u> 371 U.S. 178 (1962). Despite Judge Coopers' concerns about the July 13, 2013 discovery, she cited <u>Foman</u> with approval, and specifically noted that with respect to both the July 2013 and Missing Disc Discovery, that "**this new evidence, which provides many missing details relating to Plaintiff's allegations relating to policy and procedure and Dimler's knowledge**, is external to the Second Amended Complaint Opinion, p. 9 [emphasis supplied].

Counsel has now come forward with the circumstances which resulted in the delay in advising the court, as well as noting that the Missing Disc discovery was the first notice that Mullin was classified as a Mental Health Special Needs inmate which then corresponded with the July 2013 discovery.

Leave to amend should be granted unless equitable considerations render it otherwise unjust. <u>Maersk</u>, *Supra.*, citing <u>Foman</u>, *Supra. See also*, <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406 (3d Cir. 1993). The United States Supreme Court has identified several factors to be considered when applying Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be "freely given."

Here, bad faith and futility do not apply. Nor have there been repeated failures to

19

cure deficiencies, as plaintiff has sought leave to amend on prior occasions immediately after

obtaining new discovery (See motion to amend complaint based on discovery received on July 2,

2012, docket entry no.91).   Nor is there any prejudice to defendants which "is the touchstone for

the denial of an amendment." Foman, *Id.*, at 182.   That leaves undue delay regarding the July

2013 discovery as the only potential basis to deny at least part of the amendments.   However,

the District Court left open the Magistrate's use of discretion: "The magistrate judge, in applying

the Foman factors, which include "undue delay," may exercise the discretion to draw a

distinction between the information Plaintiff's counsel learned of in July of 2013 as opposed to

the information discovered in February or March 2014.  The court does not intend to guide the

Magistrate Judge's discretion but rather seeks to aid the Magistrate Judge by providing some

direction to the parties in advance….the Magistrate Judge may view such distinctions as

relevant…." Opinion. p. 12.

 Delay alone  is not sufficient to justify denial of leave to amend.  Maersk, *Supra.*, citing

Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984).   Undue delay refers to the unfair burden

placed on the opposing party.

 Certainly the delay did not impose any additional burdens on the opposing parties.

Whether plaintiff had provided the information while the motion to dismiss was pending, or as in

this case, provided it on the motion to reconsider, would not change the parties' positions or need

to brief opposition.  Counsel has now come forward with an explanation for the failure to

immediately notify the court:  (1)  the briefing schedule was closed and counsel did not

accurately assess that the court would reopen at that point; (2) counsel in good faith thought the

pleadings were proper under the law and rules and provided sufficient basis to proceed with the

claims; and (3)  the policies and procedures did not complete the picture regarding plaintiff as

they did not provide the background information as to his classification or why he was sent to the South 3 housing unit.  Further, counsel avoided that error after being apprised of the discovery contained in the Missing Disc.    There was no dilatory motive or repeated and unjustified failures to amend in the history of this litigation.  *See*., Adams, *Supra*.

With this additional knowledge the Magistrate should exercise her discretion to grant the full amendments requested.  As stated by the Third Circuit:

> The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case, citing Foman, *Supra.,* Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984).  It allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently, citing Adams, *Supra*.; *see also*, 6 Wright et al. section 1488 (stating that leave should be granted  if delay was due to 'oversight or excusable neglect').  Maersk, *Supra*., at p. 206.

As stated by the United States Supreme Court in Foman, *Supra*.:

> "[t]he  Federal Rules reject the approach that pleading is a game of skill in which one misstep…may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.  At 182-183.

## POINT III

### THE AMENDMENT RELATES BACK TO THE<br>FILING OF THE COMPLAINT

#### A.  The state's fictitious defendant impleader rules apply to permit the amendment

The federal courts in New Jersey apply the state substantive law relative to the applicable statute of limitations.  Wilson v. City of Atlantic City, 142 F.R.D. 603, (D.N.J. 1992). New Jersey permits fictitious defendant pleadings under the name of an unidentified defendant, such as "John Doe."    Plaintiff is permitted to substitute a true party in interest, unknown or unidentified prior to expiration of the statute of limitations, assuming that due diligence is shown. N.J. Civ. R. 4:26-4,  Wilson, *Supra*., Derienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004), citing Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973). *See also,*

Viviano v. CBS, Inc. 101 N.J. 538 (1986); Brown v. Kennedy Memorial Hospital, 312 N.J. Super. 579 (App. Div. 1998).

There is no bright line rule for a finding of due diligence, which will vary with the facts of the case. Derienzo, Supra., citing Matynska v. Fried, 175 N.J. 51 (2002); O'Keefe v. Snyder, 83 N.J. 478 (1980).

Due diligence has already been discussed. Plaintiff first became aware of the existence of the new defendants, Officer Russo, Officer Large, Chief Yansek, Lt Dudich, Sgt. Spence and Sgt. Stern at the end of February 2014 and so advised the Court in March 2014 under the facts presented, plaintiff has been diligent in pursing these defendants.

### B. The amendment relates back to the filing of the original complaint.

Pursuant to F.R.C.P. 15(c)(1) the amended pleading relates back to the date of the original pleading, thus obviating any issue regarding expiration of the statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985), Derienzo, Supra., Wilson, Supra. The state of federal law that is most liberal in allowing the amendment to relate back will apply. See, Federal Rules Handbook, 199, Baiclar, McKee, Janssen, Corr, West Pub. Group at p. 304.

It is only under the most egregious circumstances that courts have failed to permit such an amendment. See Mears v. Sandoz Pharmaceuticals, 300 N.J. Super, 622, 693 (App. Div. 1997) (construction worker could easily have identified the general contractor whom he knew he had a cause of action against); Stegmeier v. St. Elizabeth Hospital, 239 N.J. Super. 475, 484 (App Div. 1990) (amendment not permitted after trial where discovery found to be full and complete).

Federal Rule 15(c) provides that an amendment naming a new party will relate back to the date of the original complaint if: (1) the claim arises out of the "conduct, transaction, or

occurrence" set forth in the initial pleading, (2) within 120 days of the institution of the action, the party to be brought in by amendment must have received notice so that the party will not be prejudiced in maintaining a defense on the merits, and (3) within 120 days of institution of the action, the party to be brought in by amendment must know or should have known that "but for a mistake concerning the identity of the proper party," the action would have been brought against that party. Maersk, *Supra*.

Clearly the claims here arise out of the same conduct, transaction and occurrence initially pled. The issue before the Court is notice to the new defendants.

Relation back of an amendment naming new parties is dependent upon what the potential defendants knew or should have known, and is not based on what the party seeking to amend knew during the initial 120 day period under F.R.C.P. 4 (m) or the partys timeliness in seeking to amend. Krupski v. Costa Crocieres, 130 S. Ct. 2385 (2010). Knowledge of the plaintiff regarding the identity of the defendant is important on the issue of "mistake" in the failure to move to amend. Krupski, *Supra*., at p. 2493-2494. "Mistake" includes a lack of knowledge, and the Court is to view the definition of "mistake" broadly in determining whether to permit the impleader of a new party. Maersk, *Supra*., p. 209; Varlack v. SWC Caribbean Inc., 550 F.2d 171 (3d Cir. 1977).

Notice to new defendants can be imputed under a "shared attorney" method. Notice can also be informal, and includes knowledge of a complaint or litigation. Singletary v. Pennsylvania Department of Corrections, 266 F.3d 180 (3d Cir. 2001); Varlack, *Supra*. Where the originally named parties and the party sought to be added are represented by the same attorney, the attorney most likely would have communicated with the new party or have a relationship with the new party sufficient to permit joinder. The question is whether the same

attorney's involvement gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with the newly identified parties. Singletary, *Supra*. Of significance is whether plaintiff pled John Doe fictitous defendants sufficient to advise counsel that he/she was representing defendants which, but for lack of knowledge or mistake on the part of plaintiff counsel, would include the potential parties with whom counsel had a relationship. Singletary, *Supra.*, p. 196, 197. Under such circumstances, there is an inference that an investigation regarding the allegations in the complaint would have been made alerting the potential new parties of the matter. Singletary, *Supra.*, p. 197 and footnote 5. Plaintiff did plead John Doe defendants responsible for the supervision and monitoring of Mullin and that the John Doe defendants failed to comport with those duties.

In addition, the initial suit was brought against the supervisors of the subject jail facility, Karen Balecki, as well as the head of the New Jersey Department of Corrections, Robert Patterson. Even the most cursory investigation into the litigation would have required interviews or notification to the prospective defendants, all of whom gave statements in connection with the investigation into the suicide and were intimately involved in the circumstances that led to the suicide. John Doe defendants were identified throughout the complaint as persons who were responsible for the custodial care, supervision, management and control of Mullin (SAC paras 10, 18, 77). The Attorney General has represented all the state employees since the inception of the litigation, and knew there was an investigation identifying the parties sought to be impleaded. Dimler was the only party known to plaintiff until February 2014, and Dimler was included in the State's investigation. Thus there can be no prejudice in defending this case on the merits as to the new parties.

The new parties, both the attending supervising officers Russo and Large, and their Supervisors, Chief Yansek, Lt. Dudick, Sgt. B. Stern, and Sgt. Spence, by reason of the investigation and through counsel, and upon any investigation which would have occurred once the complaint was filed, knew or should have known but for plaintiff's lack of knowledge, or "mistake," that they would have been named in the lawsuit. *See*, Maersk, Supra., at p. 208.

Lastly, it is noted that defendants did not produce the information in their possession identifying the new defendants, in particular Officer Russo, who would clearly be known as a potential defendant, in fact a key defendant, until April 2013, 2 years and 3 months after the complaint was filed. Plaintiff's continued efforts to obtain "the results of the investigation" in discovery after this discovery had been produced might have elicited a response that such materials had in fact been produced, instead of waiting for the axe to fall once plaintiff realized that she was missing an entire disc of information in February 2014.

Plaintiff moved immediately upon notice of these new defendants. In discussing other Circuit holdings, the Third Circuit in Singetary noted:

> It is certainly not uncommon for victims of civil rights violations (e.g. an assault by police officers or prison guards) to be unaware of the identify of the person or persons who violated those rights. This information is in the possession of the defendants, and many plaintiffs cannot obtain this information until they have had a chance to undergo extensive discovery following institution of a civil action. If such plaintiffs are not allowed to relate back their amended "John Doe' complaints, then the statute of limitations period for these plaintiffs is effectively substantially shorter than it is for other plaintiffs who bring the exact same claim but who know the names of their assailants;… Singletary, footnote 5.

The Court indicated that amendment under this scenario should be granted.

## POINT IV

## DISMISSAL OR SUMMARY JUDGMENT DOES NOT OPERATE TO PRECLUDE AMENDMENT OF THE COMPLAINT

A Complaint may be amended even after a dismissal or judgment on the

pleadings.   The United States Supreme Court has determined that amendment of the complaint

is an appropriate response to a judgment dismissing the complaint for the failure to state a cause

of action where there is a meritorious claim.   Foman v. Davis, 83 S. Ct. 227 (1962).   The

doctrines of collateral estoppel, Res Judicata and the Entire Controversy Doctrine are

inapplicable.   The Court must engage in a further evaluation to determine if permitting the

amendment comports with standards of justice, fairness and prejudice, and determine the facts

and reasons for the amendment.   See, State Trading Corp. v. Assuranceforeningen Skuld, 921

F.2d 409, 417-418 (2d Cir. 1990); Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985); Twohy

v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1196 (7th Cir. 1985).

   In the Third Circuit it was an abuse of discretion to deny reopening of a judgment and

permitting an amended complaint where the amendment was meritorious and there was no

prejudice.   A dismissal which did not adjudicate the merits did not bar the amendment.   Adams

v. Gould, Inc., 739 F.2d 858 (3d Cir. 2011).   As stated by the Third Circuit in In Re. Burlington

Coat Factory Security Litigation, 114 F.3d 1410, 1434 (3d Cir. 1977), when a claim is dismissed

pursuant to either R. 12(c) or 12(b)(6), leave to amend and reassert the claims is ordinarily

granted.   The claim may be dismissed with prejudice, however, if asserting it would be futile.

"Futile" means that the complaint could not be amended to state a legally cognizable claim.   In

Re. Burlington, Supra., citing Glassmand v. Computer Vision Corp., 90 F.3d 617, 623 (3d Cir.

1990). See also, Billero v. Wachovia Mtg. 2010 WL 5168949 (D.N.J. 12/14/10 – unpublished,

copy annexed).

   In Hatzel & Buehler, Inc. v. Southern Systems, Inc., 1988 WL 101255 (D.N.J. 1988-

unpublished, copy annexed), the court granted summary judgment based on a defective pleading.

Thereafter plaintiff moved to amend the complaint.   Citing Adams, Supra., as the controlling

case,  the court ruled that a motion to amend a complaint filed after the grant of summary judgment could be heard.  In <u>Hatzel</u>, the amendment remedied the deficiencies in the complaint. The grant of summary judgment was an adjudication only that the complaint was legally deficient, it did not amount to an adjudication of the merits and the amendment was not barred. Further, the Court did not view the notice of plaintiff's new  or revised theory of the case after summary judgment on the pleadings to be significant, citing <u>Adams</u>.

## **CONCLUSION**

For all of the foregoing reasons, it is requested that the Court grant the relief requested.

Dated:  April 23, 2014

Respectfully submitted,

By: _____

SHELLEY L. STANGLER, ESQ.