NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOAN MULLIN, administratrix of the ESTATE OF ROBERT MULLIN, deceased, and JOAN MULLIN, individually, | : : : : : | CIVIL ACTION NO. 11-247 (MLC) <br><br> **MEMORANDUM OPINION** |
| Plaintiff, | : : | |
| v. | : : | |
| ADMINISTRATOR KAREN BALICKI, et al., | : : : | |
| Defendants. | : : | |

**PLAINTIFF,** Joan Mullin, administratrix of the estate of her son, Robert Mullin, earlier moved before the Magistrate Judge for leave to amend the second amended complaint to add new causes of action, facts, and additional parties ("Motion to Amend"). (Dkt. 207 at 1, 9–15 (sealed).)  Plaintiff asked the Magistrate Judge to permit amendment, because she had located a misfiled disc ("Misfiled Disc") produced in discovery on April 13, 2013.  (Id. at 17.)  Plaintiff did not realize this error, however, until February of 2014. (Id. at 25.)

**PLAINTIFF** also received supplemental discovery documents concerning "policies and procedures covering a variety of issues" ("Supplemental Discovery") on July 17, 2013.  (Id.)  During the time that Plaintiff received and located the Misfiled Disc and Supplemental Discovery, motions to dismiss were pending before this Court.  (See,

e.g., dkt. 154.) Both the Misfiled Disc and the Supplemental Discovery were relevant, in Plaintiff's view, to the then-pending motions to dismiss. (See dkt. 207 at 16–17.) Plaintiff did not bring this to the Court's attention, however, until after the Court decided the pending motions to dismiss. (Dkt. 154.) Thereafter, Plaintiff moved for reconsideration of the decision, which this Court denied. (See dkt. 204.)

THE MAGISTRATE JUDGE denied the Motion to Amend by an Opinion and Order dated December 8, 2014 ("12-8-14 Opinion and Order"). (Dkt. 220.) The Magistrate Judge, in support of this ruling, explained that: (1) "Plaintiff's own lack of diligence … caused the delay" related to the discovery of the Misfiled Disc, especially in light of the "repeated opportunities, and repeated clues, that should have made a diligent attorney aware that something was missing"; and (2) permitting Plaintiff to amend the complaint would commit "prejudice to the defending parties" who had already "spent significant resources on this litigation ..." (Id. at 20–21.)

THE MAGISTRATE JUDGE held that Plaintiff's delay was "undue" because, upon receiving and locating the Misfiled Disc and Supplemental Discovery, Plaintiff failed to: (1) alert "the Court … that it impacted the [then] pending Motions to Dismiss"; or (2) request "leave to supplement the record on the Motions to Dismiss or to cross-move to amend." (Id. at 18.) The Magistrate Judge also rejected Plaintiff's argument that the proposed amendments were sufficiently related to the original complaint to permit amendment under Federal Rule of Civil Procedure ("Rule") 15(c). (Id. at 9, 21.) With respect to the expenditure of judicial resources, the Magistrate Judge noted that the Court had previously "considered at least four motions to dismiss, four motions for leave

to amend (including two cross-motions), three motions for reconsideration, one motion for leave to serve late notice of a tort claim, and one appeal – not counting the additional motions that were re-filed at the Court's instruction to address procedural issues." (Id. at 21.) Based on the foregoing, the Magistrate Judge concluded:

> [T]he delay caused by the repeated errors, oversights, and strategy decisions here can only be described as undue. Furthermore, allowing the amendment at this point of the litigation, after so much motion practice, would only cause further delay, to the prejudice of the parties.

(Id. at 22.)

**PLAINTIFF** timely appealed the 12-8-14 Opinion and Order pursuant to Rule 72 and Local Civil Rule 72.1(c). (Dkt. 221.)

**THE COURT** carefully reviewed and considered the papers submitted by the parties and the 12-8-14 Opinion and Order. The Court resolves the appeal without oral argument pursuant to Local Civil Rule 78.1(b).

**IT APPEARS** that a motion for leave to amend a pleading is non-dispositive, and thus, may be entered by a magistrate judge. See 28 U.S.C. § 636(b)(1)(A). A district court, upon reviewing non-dispositive matters, may modify, vacate, or reverse magistrate judge decisions that are "clearly erroneous or contrary to law." Id.; see also Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002) (internal quotation and citation omitted). A finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court on considering all of the evidence is left with the definite and firm conviction that a mistake has been committed. See Kounelis v. Sherrer, 529 F.Supp.2d 503, 518 (D.N.J. 2008). A ruling is contrary to law if the Magistrate Judge

misinterpreted or misapplied applicable law. See Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998). The reviewing district court under the clearly erroneous standard of review will not reverse the Magistrate Judge's determination even if the court might have decided the matter differently. See Wortman v. Beglin, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007).

**PLAINTIFF** argues on appeal that, inter alia: (1) "delay in and of itself is not a basis to deny amendment of the Complaint absent real prejudice"; and (2) "[t]here is no prejudice to the defendants in granting the amendment." (Dkt. 223 at 9 (sealed); see also dkt. 223-2 at 5 (sealed).)

**DEFENDANTS** Karen Balicki, Robert Paterson, Marie Dunlap-Pryce, Officer Dimler, and Jane Byrd (collectively, "Defendants") oppose the appeal and argue, inter alia, that the Magistrate Judge: (1) "properly considered interests of judicial economy and finality of litigation"; and (2) "correctly found that Plaintiff's proposed amendments were unduly delayed and prejudicial." (Dkt. 224 at 1, 13; dkt. 225 at 1, 5; see also dkt. 153 at 1; dkt. 94 at 1.)

**THE COURT** acknowledges that a party seeking to amend a pleading 21 days after its filing must apply for "the court's leave," which is to be "freely give[n] … when justice so requires." Fed.R.Civ.P. 15(a)(1)–(2). A court may deny leave to amend a pleading, however, upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

4

**THE COURT** finds that the Magistrate Judge's conclusions were not clearly erroneous or contrary to law because here: (1) Plaintiff offers no reasonable explanation for the delay in notifying the Court as to the significance of the Misfiled Disc and Supplemental Discovery; and (2) permitting the amendment would unduly prejudice Defendants and place an unwarranted burden on the Court.  (Dkt. 223-1 at 5 (sealed) (Plaintiff acknowledging "in hindsight … the better course of action would have been to advise the Court during the pendency of the Motions to Dismiss that the [Supplemental Discovery] supported plaintiff's pleadings.").)  See also Jang v. Bos. Sci. Scimed, Inc., 729 F.3d 357, 368 (3d Cir. 2013) (holding that the district court "did not abuse its discretion in denying [a] post-judgment motion for reconsideration and leave to amend" where movant "could have moved to amend his complaint at any time before" the district court granted dismissal); Cureton v. NCAA, 252 F.3d 267, 272–73 (3d Cir. 2001) ("A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue … or prejudicial to the opposing party.").  Accordingly, the Court will affirm the 12-8-14 Opinion and Order, because the Magistrate Judge did not commit any mistake or misinterpret or misapply any applicable law.  See Wortman, 2007 WL 2375057, at *2; Gunter, 32 F.Supp.2d at 164.

**THE COURT** will issue an appropriate order.

  s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:** July 13, 2015